### THE TRUSTEES FOR RECEIVING DONATIONS FOR THE SUPPORT OF THE BISHOP *against* THE PRESIDENT, DIRECTORS AND COMPANY OF THE EAGLE BANK OF NEW-HAVEN.

The Trustees for receiving donations for the support of the Bishop, are a corporation for charitable purposes, within the meaning of the 7th section of the original charter of the *Eagle Bank.*

Where a corporation for charitable purposes had subscribed for shares in the *Eagle Bank*, by virtue of the provision for such subscription in the charter of the bank ; the bank afterwards became insolvent ; and such charitable corporation thereupon gave due notice of its intention to withdraw the shares so subscribed ; it was held, that such corporation, by virtue of its subscription, became a stockholder in the bank and part of the corporation, and consequently, after the insolvency of the bank, was incapable of withdrawing its shares, or of recovering the amount as a debt against the bank.

THIS was an action of *assumpsit,* to recover the amount of 65 shares of stock, subscribed by the plaintiffs, on the 1st of *January,* 1822, and demanded of the defendants, on the 28th of *March,* 1826, after having given to the directors six months notice of their intention to withdraw them.

The facts in this case, were, in all material respects, the same as in the preceding case of *The United Society* v. *The Eagle Bank,* except so far as the right of the plaintiffs depended on the nature of their institution. Their charter of incorporation, granted, by the General Assembly, in *May,* 1799, is as follows: "Upon the memorial of the protestant episcopal societies in the state of *Connecticut,* representing, that by the constitution of

their system of divine worship, it is indispensably necessary that they have a bishop to preside over them, a part of whose duty it is, to visit the respective churches under his charge ; that some compensation for his services it is their duty to render ; and that this compensation, by way of a partial support for him, has heretofore been raised, by means of a voluntary contribution ; that many well-disposed persons, who have the happiness of their *Christian* brethren at heart, would willingly make donations for the support of a bishop, which would relieve the memorialists from a considerable burthen ; praying for an act of incorporation to invest a number of persons and their successors with power to receive donations for the support of a bishop :

"Resolved by this Assembly, that *Bela Hubbard, Jonathan Ingersoll*, &c., and their successors, be, and they are hereby incorporated, by the name of *The Trustees for receiving donations for the support of the Bishop*, with all the powers and immunities incident to an aggregate corporation ; by which name to sue and be sued, and continue its succession, by electing such persons as said corporation shall deem proper to fill such vacancies as may happen, by death, resignation or otherwise. *Provided*, that said corporation shall not have power, at any time, to hold property, the annual product of which exceeds the sum of one thousand dollars. And said corporation shall continue during the pleasure of the General Assembly."

The case was reserved for the consideration of this Court.

*N. Smith* and *Seeley*, for the plaintiffs.

*Sherman* and *Hitchcock*, for the defendants.

HOSMER, Ch. J. The facts in this case are substantially like those in the preceding case of *The United Society* v. *Eagle Bank ;* and, of consequence, the result must be the same.

It was suggested at the bar, but not strongly pressed, that the plaintiffs are not a charitable society, within the meaning of the law. If this were so, it would form a fatal objection to their action. Their suit is founded on their being a charitable society, and by the charter of the defendants, authorized to subscribe for shares in the *Eagle Bank*, at their pleasure.

That they, however, are a charitable society, within the intendment of the law, admits not of a question. The trust as-

*New-Haven,*
*July, 1829.*

*Bishop's Fund*
*v.*
*Eagle Bank.*

sumed by the plaintiffs, is, to receive donations for the support of a bishop; and if the promotion of public objects of utility is a charity, of which I entertain no doubt, *a fortiori* are donations to support an officer in the *Episcopal* church, essential, in the opinion of that church, to their organization. *The American Asylum* v. *The Phœnix Bank,* 4 *Conn. Rep.* 172. Nor can it be controverted, that the trustees appointed to receive donations, in the fulfilment of their trust, are authorized to subscribe for shares in a bank, to secure the funds thus obtained, and render them productive.

But as the plaintiffs, by their subscription, became stockholders in the *Eagle Bank,* and part of the corporation; on the insolvency of this institution, their part of its capital, pledged to the creditors of the bank, they have no legal authority to withdraw.

I am, therefore, of opinion, that the issue be found for the defendants.

BISSELL, J. was of the same opinion.

PETERS, J. being interested in the event of the suit, and DAGGETT and WILLIAMS, Js., having been of counsel in the cause, gave no opinion.

Judgment to be for defendants.(*a*)

(*a*) See note to preceding case, *p.* 476.