*New-Haven,*
*July, 1830.*

Benton
*v.*
Jones.

----

## THE SAVINGS BANK OF NEW-HAVEN *against* DAVIS & CENTER and others.

Where a meeting of the board of directors of a bank in *New-Haven*, was called, by the cashier, in pursuance of instructions from the president,

then in *New-York,* by personal notice to the directors in *New-Haven,* without specifying in such notice the object of the meeting; it was held, that this was a legal meeting for ordinary transactions; and that the giving of security for a debt of the bank, by a mortgage of its real estate, was of this description.

An agent or attorney may be duly appointed and authorized to convey the real estate of an incorporated bank, by a vote of the board of directors, without a power under the corporate seal. *Per* HOSMER, Ch. J. —BISSELL, J., contra.

An agent or attorney of a corporation, in executing a deed in its name, must, in order to make it the act and deed of the corporation, affix thereto the corporate seal.

THIS was a bill in chancery to foreclose the interest of the defendants in certain real estate mortgaged to the plaintiffs, by *The President, Directors and Company of the Eagle Bank.*

On the hearing before *Hosmer,* Ch. J., at *New-Haven,* at an adjourned term in *October,* 1829, the plaintiffs, in support of their title, offered in evidence an instrument, which they claimed to be the deed of the *Eagle Bank,* executed by *William Mc Crackan,* their attorney, dated the 19th of *September,* 1825, mortgaging the estate described in the bill to the plaintiffs, to secure the payment of a debt due from the *Eagle Bank* to the plaintiffs, amounting to the sum of 80,000 dollars; and in connexion with such instrument, as evidence of the authority of *McCrackan* to execute it, the following votes:

" At a meeting of the directors of the *Eagle Bank of New-Haven,* held *September* 19th, 1825.

*George Hoadly* Esq. President, being necessarily absent, *William McCrackan* was unanimously chosen President *pro tem.*

Voted by the board, that *William McCrackan* Esq., President *pro tem.* be, and he is hereby authorized to execute a mortgage deed of all the real estate in which said Bank is interested, to the *Savings Bank of New-Haven,* securing to said *Savings Bank* the amount of eighty thousand dollars, due from said *Eagle Bank* to the *Savings Bank.*"

These votes were entered, by the cashier of the bank, on the record book of the directors. The meeting at which they were passed, was held on *Monday* morning, the 19th of *September,* 1825; and was warned, by the cashier, pursuant to instructions from the president, then in *New-York,* by personal notice to all the directors, who were then in *New-Haven,* given early on the morning of the 19th, but

not specifying the purpose for which the meeting was to be held. Five or six of the directors attended. Under the by-laws of the *Eagle Bank*, two regular or stated meetings of the directors were held weekly, for the transaction of ordinary business, *viz.* on *Monday* and *Thursday* evenings. *McCrackan* had no other power or authority to convey the premises, or to execute the instrument in question, than what was conferred by the vote recited. This vote was not recorded with the instrument, by the town-clerk, nor left with him for record. The following are such parts of that instrument as are material in the present case: "We, the President, Directors and Company of the *Eagle Bank of New-Haven*, for the consideration of 80,000 dollars, received to our full satisfaction of the *Savings Bank of New-Haven*, do give, grant," &c. "The said grantors do, for themselves, *covenant* with the said *Savings Bank*," &c. "And furthermore, the said grantors do, by these presents, bind themselves forever to *warrant and defend* the above granted and bargained premises to the said *Savings Bank*," &c. "In witness whereof, *they* have hereunto set their hand and seal, this 19th day of *September*, A. D. 1825." [Then follows the condition.] "For and in behalf of the *President, Directors and Company of the Eagle Bank of New-Haven*, being specially authorized by them,

*William McCrackan.* [L. S.]

The form of acknowledgment was as follows: "Personally appeared *William McCrackan*, President *pro tem.*, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, as President *pro tem.* of the *Eagle Bank* aforesaid, before me,

*Wm. Mix*, Justice of Peace.

The charter of the *Eagle Bank*, as it appears in the printed statutes, made a part of the case.

The *Eagle Bank*, when this instrument was executed, had a common or corporate seal, which was not affixed to it, but the seal affixed was either the private seal of *McCrackan*, or a seal adopted by him on the occasion.

The defendants objected to the admission of this instrument as evidence of title in the plaintiffs, on the ground that the directors could not lawfully delegate to *McCrackan* authority to execute it in the name and behalf of the corporation; that the meeting which attempted to confer such authority, was not duly convened for that purpose; because the instrument was

*New-Haven, July, 1830.*

SavingsBank
*v.*
Davis &
Center.

not executed, by *McCrackan*, in the name of the corporation, nor sealed with its corporate seal; because it was not acknowledged, by *McCrackan*, as the act and deed of the corporation, but as the deed of *McCrackan*, as President *pro. tem.* thereof; and because no power or other authority was recorded with the instrument.

The court overruled these objections and admitted the instrument in evidence, holding it to be valid as the deed of the corporation, to convey the premises to the plaintiffs. The debt due to them from the *Eagle Bank* being admitted, by the defendants, the court found the allegations in the bill to be true, and passed a decree for the plaintiffs, foreclosing the right of the defendants.

The defendants thereupon moved for a new trial; which motion was reserved for the advice of this Court.

*R. S. Baldwin* and *Kimberly*, in support of the motion, contended, 1. That the meeting of the directors was not duly warned. [This point was given up.]

2. That the instrument, by virtue of which the plaintiffs claim title, was not so executed as to convey the title.

First, it is essential to the conveyance of real estate, that it should be *by deed of the grantor.* 2 *Bla. Com.* 305. 4 *Kent's Com.* 442, 3. *Com. Dig. tit.* Franchises, F. 13. and note (*p*) by *Hammond. Jackson* d. *Gouch* v. *Wood*, 12 *Johns. Rep.* 73. 1 *Swift's Dig.* 123. *Stat.* 302, 303. There is nothing in the charter of the *Eagle Bank*, which provides for the conveyance of its real estate in any other way than that in which the land of individuals is required to be conveyed. The manner in which the corporation shall act in the conveyance or disposal of its property, is left to be governed by the general law.

Secondly, a corporation is not bound by deed but under its *corporate seal.* Wherever a corporation must act by deed, it must use its corporate seal, provided it has adopted one. If it has no corporate seal, any seal used for the occasion will suffice. The signature of a corporation is its seal: it has no other. 4 *Com. Dig.* 474. note (*x*) by *Hammond.* 1 *Kyd on Corp.* 268. *The King* v. *Chipping Norton*, 5 *East*, 239. *Wood* v. *Tate*, 2 *New Rep.* 247. 256. *Taylor* v. *Dullidge Hospital*, 1 *P. Wms.* 656. *Moore*, 70. *pl.* 191 *Trin.* 6 *Eliz. Broughton* v. *Salford Waterworks*, 3 *Barn. & Ald.* 1. per *Best*, J. (5 *Serg. & Lowb.* 218.) *The King* v. *North Duffield*, 3 *Mau. &*

*Selw.* 247. *East-London Waterworks Company* v. *Bailey &*
al. 4 *Bing.* 283. (13 *Serg. & Lowb.* 435. 437, 8.) *Taft* v.
*Brewster* & al. 9 *Johns. Rep.* 334. 1 *Dane's Abr.* 246. 5
*Dane's Abr.* 144. 4 *Kent's Com.* 442, 3. *Stinchfield* v. *Lit-
tle,* 1 *Greenl.* 231. *The Bank of Columbia* v. *Patterson's*
admr. 7 *Cranch* 299. *Randall* v. *Van Vechten* & al. 19 *Johns.
Rep.* 60. *Damon* v. *Granby,* 2 *Pick.* 345. 352, 3.

3. That *McCrackan* was not authorized to execute the in-
strument in the name and as the deed of the corporation.

The mode ordinarily adopted by corporations, in the con-
veyance of their real estate, is by deed, under the common
seal, attested as being affixed by their proper officers, who,
either by a by-law of the corporation, or by some provision in
the charter, have the custody of the common seal, and the
power of acting in its name. The charter of the *Eagle Bank*
places the management and *disposal* of the corporate property
in the hands of the board of directors. They are elected by
the stockholders, therefore, as their *statute agents,* for all pur-
poses which the charter authorizes the directors to perform.
These statute agents are invested with the two-fold power of
*deciding* what it is expedient for the corporation to do, and of
*acting,* in the name of the corporation, pursuant to their de-
terminations. The vote to convey is their *own act.* The deed
executed in the name of the corporation, with the corporate
seal affixed, by the directors, pursuant to their vote, is *the act
of the corporation;* and it is this which passes the title. A
deed executed in this manner, by the corporate officers or
statute agents, would be the *direct* act of the corporation.
The directors themselves being, therefore, the agents of the
corporation, as such, have no *implied* authority to employ an-
other to convey. 2 *Kent's Com.* 495. *Paley* 1. 148. *Berger*
& al. v. *Duff,* 4 *Johns. Chan. Rep.* 368.

Secondly, the charter does not *expressly* give the directors
authority to substitute another for this purpose.

Thirdly, if the directors have authority to appoint an attor-
ney for this purpose, their vote alone is insufficient: it must be
done *by deed.* The general rule in regard to the execution of
a deed by attorney, is, that the authority must be communicat-
ed, by an instrument executed with all the formalities of a deed.
On this point our statute is explicit; (*Stat.* 302. *tit.* 56. *s.* 6.)
and the common law rule as to the execution of powers, is the
same. *Com. Dig.* tit. Attorney. C. 5. *Pal. Ag.* 133. 1 *Kyd*

on *Corp.* 261. 268, 9. *Cooper* v. *Rankin*, 5 *Binn.* 613. *Stetson* v. *Patten* & al. 2 *Greenl.* 358. 360. *Clark* & al. v. *Graham*, 6 *Wheat.* 577. 2 *Kent's Comm.* 476. 478.

If it be said, that there is a difference between corporations and individuals, and that the former may delegate authority by vote, where a deed would be required of the latter; such assertion is wholly gratuitous, and is not warranted either by the statute or the common law. The same rule must govern natural and artificial persons, unless, in the case of a corporation, the *charter* authorizes an appointment in some other way. Is there any thing of this sort in the charter of the *Eagle Bank?* It is said, that the charter provides, that *agents* shall be appointed to perform the business of the corporation. *How* are they to be appointed? On this point the charter is *silent.* Agents for the transaction of the *ordinary* business of the bank, may, undoubtedly, be appointed *by vote;* in the same manner as an individual may appoint an agent, for all purposes, *by parol;* but it does not follow, in the former case, more than in the latter, that an authority to execute a deed, can be conferred without deed.

An agent may be invested with authority, by a corporation, as well as by an individual, to make or indorse a promissory note, without deed or even writing; (*Pal. Ag.* 136. *Anon.* 12 *Mod.* 564. *Bulkley* & al. v. *The Derby Fishing Company*, 2 *Conn. Rep.* 252.) but an authority to execute a deed—to convey land—is a different thing.

The provision in the 6th section of the charter relates only to the *permanent* agents of the bank, whose compensation is to be fixed by the directors, and for whose fidelity bonds are to be taken, and who are requisite to transact the ordinary business of the corporation. In the case of *Stow* & al. v. *Wyse*, 7 *Conn. Rep*, 214. where the directors of the *Middletown Manufacturing Company* were authorized, by charter, to appoint "such agents as should be necessary," and appointed *Magill general agent*, it was the same as if they had appointed him agent to do the business of the corporation; yet it was held, that though he could give notes, borrow money and do many other acts in the ordinary course of business, he could not *mortgage land.* That was not deemed ordinary business. If the agents intended in the 6th section, are servants, acting as permanent officers, in subordination to the directors, for the performance of the ordinary business of the bank, then it is

very clear, that it does not embrace the case under considera-<span></span> <span>New-Haven,</span>
tion. July, 1830.

To authorize the conveyance of real estate by vote, would Savings Bank be the same thing in effect as to authorize such conveyance by parol. The cashier of a bank is not made a regular recording officer; nor are his entries, if he makes any, evidence between third persons and the corporation or those claiming under it. If a vote is sufficient, it is sufficient, whether recorded or not. If recorded, parol evidence must still be resorted to, to prove that the meeting was duly convened, the passing of the vote, the members present, &c. There would be none of that *certainty*, which the enlightened policy of our law requires in regard to land titles. The votes of towns and other *quasi* corporations, which have no common seal, are recorded by sworn officers, in public records; and stand, therefore, on a different ground.

<span>v.</span>
<span>Davis &</span>
<span>Center.</span>

The general principle deducible from a full investigation of the subject, is, that wherever an individual may act or author- ize another to act, by parol, a corporation may act or authorize by vote; but where an individual must act or authorize, by deed, a corporation must act or authorize, in the same manner.

4. That the conveyance was fatally defective, because the pow- er, by virtue of which *Mc Crackan* professed to act, was not left with the deed to be recorded by the town clerk. When- ever a deed is executed by attorney, the statute requires that the power of attorney shall be recorded with the deed. *Stat.* 303. *tit.* 56. *s.* 9. Every deed must be executed by the grant- or, either directly, or by attorney duly authorized. In the latter case, the record must necessarily be imperfect, unless the pow- er accompanies the deed. The object of the statute is, to ena- ble every person interested, to trace the title, by examining the records of the town where the lands lie; and this is as import- ant in the case of corporations as of individuals. If the *Eagle Bank* had owned land in *Hartford*, and had appointed *J. S.* at *Hartford*, their attorney to convey, by a power of attorney un- der the common seal; it must be admitted, that such power must be recorded with the deed. When the attorney is au- thorized *by vote*, is not a record of his authority equally neces- sary? Will it be said, that the enquirer must go to *New-Haven*, and examine the records of the bank? As well might the en- quirer after the authority of an individual's attorney, be direct- ed to enquire of the constituent, instead of the town records.

If a vote is equivalent to a power of attorney executed with the statute formalities, for the purpose of authorizing a conveyance, it is to be proceeded with, in all other respects, as if it were in fact such power ; and therefore, it ought to be recorded with the deed.

5. That the instrument in question was not duly acknowledged. A deed executed by an attorney, for the conveyance of land, must be acknowledged as the deed of the *grantor*, and not of himself. *Stat.* 302. *tit.* 56. *s.* 7. *Whart. Dig.* 172. cites *Peters* v. *Condron*, 2 *Serg. & Raw.* 80. *Fowler* v. *Shearer*, 7 *Mass. Rep.* 14. 19. *McCrackan* did not acknowledge the instrument as the deed of the corporation, or as his deed as agent, but as his deed as president *pro tem.*—referring to his *office* for his authority. This was not an acknowledgment of the instrument as the deed of the *grantor*.

*N. Smith* and *Hitchcock*, contra, contended, 1. That the meeting of the directors of the *Eagle Bank*, on the 19th of *September*, 1825, was a lawful meeting ; and the business transacted at that meeting was lawfully before the board ; for no particular notice of the business to be done, was requisite.

2. That the appointment of *McCrackan* to convey the premises, by mortgage, was a valid appointment. In the first place, the directors had power to appoint an agent to mortgage the real estate of the bank. The charter, in express terms, gives to the board of directors, " the *disposal* and management of the moneys, credits and *property* of the corporation." *Stat.* 85. *tit.* 6. *s.* 7. In another section, it authorizes the directors to appoint " such officers and *agents* as shall be requisite for performing the business of the corporation." *Sect.* 6. The power of the stockholders, under the charter, is exhausted, by the appointment of the directors. This being done, the board of directors are empowered, not by any delegation of authority, express or implied, from the stockholders, but by legislative enactment, to do all the business of the corporation. Besides, the directors would have the power in question, if not thus expressly given, as *incidental* to other powers conceded to them.

Secondly, the directors may exercise this power, by vote only, without a power of attorney, under the corporate seal. How can a corporation, or a board of directors having the power of a corporation, appoint an agent otherwise than by vote ? Are not all the agents of the bank appointed in this manner ?

The charter makes no discrimination ; and none has even been made in practice. To see the president of a bank passing round a power of attorney to be signed by the directors, instead of collecting their votes on the appointment, would be a novelty as surprising as it would be inconvenient. And when they had all signed, if the matter ended here, it would amount only to a vote : it would be only an expression of their will, which they might as well have done in the *form* of a vote : it would still be *their* act. To make it the act of the corporation, the corporate seal must be affixed. But who shall affix it ? The charter designates no one to do this act. An agent must be appointed for this purpose. But can an agent, who, by his act, is to confer authority to convey real estate, be appointed by vote only ? If not, the difficulty remains. If he can be thus appointed, why may not the agent to convey be appointed in the same manner ?

The strictness of the old rule, that a corporation acts and speaks only by its common seal, has been much relaxed, if not entirely abrogated, in modern times. The principle of relaxation is *general convenience.* The law has changed with, and adapted itself to, the improvements in society. The powers of corporations, by regular gradations, have become assimilated to those of individuals. It has at length become settled law, that banks and other commercial corporations, whose charters contemplate the business of the corporation to be transacted exclusively by a board of directors, may conduct such business, either directly, or through the instrumentality of agents, by *vote* of the board ; and the acts of such board, evidenced by a written vote, are as completely binding upon the corporation, and invest their agents with as complete authority, as the most solemn acts under the corporate seal. *Fleckner* v. *The United States Bank,* 8 *Wheat.* 338. 357. *Osborn* & al. v. *The United States Bank,* 9 *Wheat.* 738. *The United States Bank* v. *Dandridge* & al. 12 *Wheat.* 64. *Perkins* v. *The Washington Insurance Company,* 4 *Cowen* 645. 659. *Randall* v. *Van Vechten* & al. 19 *Johns. Rep.* 60.

3. That the power given to *McCrackan* was duly executed, and the deed is a valid mortgage of the land therein described, to the plaintiff. In the first place, the deed purports to be the deed of the *Eagle Bank,* and to convey their interest. *Mitchell* v. *Hazen,* 4 *Conn. Rep.* 495. 513. *Hovey* v. *Magill,* 2 *Conn. Rep.* 680. 686, 7, 9. *Griswold* v. *Bigelow,* 6 *Conn.*

*Rep.* 258. 269.   *Pal. Ag.* 153.    *Wilks* & al. v. *Back,* 2 *East* 142. 144, 5.   *Elwell* v. *Shaw,* 16 *Mass. Rep.* 42.    *Stinchfield* v. *Little,* 1 *Greenl.* 231.   These authorities shew, that if in the body and contracting part of the deed, the agent convey *his own* interest, he alone is bound, or the deed is void ; but if he convey his *principal's* interest, then it is the principal's deed, if the form of the conveyance is such, that it can, in any way, be considered as done for the principal.

Secondly, the deed of the agent, duly appointed, needs not the corporate seal ; but is valid as the execution of the agent's power.  1 *Kyd on Corp.* 268. *Magill* v. *Hinsdale* & al. 6 *Conn. Rep.* 464.   *Rathbon* v. *Budlong,* 15 *Johns. Rep.* 1.   *Osborn* v. *The United States Bank,* 9 *Wheat.* 829.   These authorities shew, that there is no difference between the individual and a corporation in this respect.

Thirdly, if the deed needs the corporate seal, it has it ; as any seal, adopted by the authorized agent of the bank, is their common seal for the occasion.  *Perk. sect.* 132.  The object of appointing an agent, is, that he may use any seal, which he may adopt for the occasion, wherever he may be.  This being authorized by the corporation, becomes the seal of the corporation.

4. That the acknowledgment of the deed, by *McCrackan,* in the capacity of attorney or agent of the bank, was legal and proper.  It is expressly provided by statute, that " when deeds are executed by an attorney, duly authorized, *his* acknowledgment shall be sufficient."  *Stat.* 302. *tit.* 56. *s.* 7.

5. That it was unnecessary to record the votes of the bank with the deed.  The statute is applicable only to deeds executed by a technical power of attorney.  *Stat.* 303. *tit.* 56. *s.* 9. Town-clerks are not authorized to record votes of corporations.


HOSMER, C. J. I. Whether the board of directors of the *Eagle Bank,* was duly assembled, is the first question in the case.

All the directors, who were in *New-Haven,* were notified to attend a meeting of the board, for the performance of important business.  This, for ordinary transactions, was legal notice. That the security of a debt is of this description, and may be done at any stated meeting of the directors, is as unquestionable, as would be the payment of the same debt, or the discount of a promissory note.  1 *Kyd on Corp.* 430, 7, 8. 440. 443.

*Rex* v. *Grimes,* 5 *Burr.* 2601. *Rex* v. *Carlisle,* 1 *Stra.* 386. New-Haven,
The directors then were duly assembled.

2. Did the directors, by their vote, impart to *McCrackan* SavingsBank
authority to execute the deed in question? This is the next
subject of consideration.

The charter of the *Eagle Bank* invests the directors with the
management and disposal of all the property of the corpora-
tion; and empowers them to appoint a cashier and such other
officers and agents as should be requisite. Had they been
clothed with personal authority only, they must have exercised
it personally. *Paley on Agency,* 1. 148. But there was con-
ferred on them, the right of unlimited delegation, except in rela-
tion to those transactions which they themselves were bound
to perform. From the nature of the case, usage or any other
source, it cannot be affirmed, that the disposal of land was one
of them.

I advance this as being the true construction of the char-
ter, that it contemplates the business of the corporation to
be transacted, uniformly and exclusively, by a board of direc-
tors; and hence, that they are empowered to confer authority
by vote, in all cases, where they have the right of delegation.

In opposition to this principle, it is said, that a corporation
can alone speak by its common seal; and that authority to con-
vey lands must be given by letter of attorney.

The assertion, that a corporation alone speaks by its corpo-
rate seal, is not true, even in respect of political corporations.
Although, at first, it was adopted, the doctrine was only of
short duration. The intolerable inconvenience of the rule soon
produced a relaxation; and a cook, butler, and other servants
became appointable by vote or parol. I *Kyd on Corp.* 260.
Were it a law of nature, it must have been submitted to; but
being merely a rule of man's creation, originally adopted on a
principle of convenience, an adherence to it, after its insuffera-
ble thraldom was experienced, would have been absurd.

As to corporations created for commercial purposes, and
transacting their business by a board of directors, the above
doctrine, if it ever existed, was annulled more than a century
since. In the year 1717, came on the case of *Rex* v. *Bigg,* 3
*P. Wms.* 419., before all the judges, at *Sergeant's Inn;* and af-
ter an elaborate argument, it was adjudged, that a bank note,
was duly signed by an agent, authorized by vote, or at least
without the corporate seal. The same doctrine was recognized,

New-Haven, July, 1830.

Savings Bank v. Davis & Center.

by the supreme court of the *United States,* in *The Mechanics Bank of Alexandria* v. *The Bank of Colombia,* 5 *Wheat. Rep.* 326 ; and in *The Bank of Columbia* v. *Patterson's* administrator, 7 *Cranch,* 299., it was held, in opposition to the ancient rule, and in view of its manifest inconvenience, that all parol contracts made by the agents of the corporation, are express promises of the corporation ; and that all duties imposed upon it by law, and all benefits conferred at its request, raise implied promises, on which it is liable. The same court, in *Fleckner* v. *The Bank of the United States,* determined, that the endorsement of a promissory note, by the cashier of a *Bank,* authorized by vote, was obligatory on the corporation. 8 *Wheat. Rep.* 338. And in delivering the Court's opinion, it was said, that the ancient doctrine in relation to a common seal, has no application to corporations created by statute, whose charters contemplate the business of the corporation to be transacted, exclusively, by a special board of directors ; and that the acts of such a body or board, evidenced by a written vote, are as completely binding upon the corporation, as the most solemn acts done under the corporate seal. Similar determinations have so repeatedly been made, by the supreme court of the *United States,* and by the other courts of this country, that a statement of them is unnecessary. I shall merely refer to them without observation or comment. *Osborn* v. *United States Bank,* 9 *Wheat.* 738. *U. S. Bank* v. *Dandridge,* 12 *Wheat.* 64. *Canal Bridge* v. *Gordon,* 1 *Pick.* 297. *Mott* v. *Hicks,* 1 *Cowen* 513. *Randall* v. *Van Vechten & al.* 19 *Johns. Rep.* 60. *Magill* v. *Kauffman,* 4 *Serg. & Rawle* 317. *The Bank of the Northern Liberties* v. *Cresson,* 12 *Serg & Rawle,* 306. *Colcock* v. *Garvey,* 1 *Nott & McCord,* 231. *Stinchfield* v. *Little,* 1 *Greenl.* 231. *Hovey* v. *Magill,* 2 *Conn. Rep.* 680. An eminent jurist of our country has justly said, that the ancient principle restraining the speech of a corporation to its common seal, is in a great degree done away, in the jurisprudence of the *United States.* 2 *Kent's Comm.* 235. It must be admitted, that no determination has been made, relative to the appointment of an agent for the disposal of land ; and for a very good reason. No such case, until the present, has occurred.

To the supposed delegation of authority to *Mc Crackan* several objections were made, by the counsel at the bar. It was said, in the first place, that the subject matter of the power being the disposal of land, an agent could not be authorized by *vote,* but must be by letter of attorney only.

# OF THE STATE OF CONNECTICUT. 203

The enquiry is, have the legislature given authority, by the charter, in the case contemplated, to appoint an agent by vote? I ask, why have they not; and why should they make a discrimination? Before the statute of 29 *Car.* 2. the greatest estate in land might be conveyed, by parol, accompanied by livery of seisin. Since that period, all conveyances are, by positive law, required to be by deed under seal; and the agent who conveys, must be empowered by a sealed writing. But may not the legislature dispense with this mode of imparting authority? Undoubtedly. The real estate of our towns and societies, "from time whereof the memory of man runneth not to the contrary," has been conveyed by agents appointed by vote only; and this is decisive to show, that there is nothing in the subject matter, contravening the validity of a similar act by a board of directors. Whether the charter has given them the authority to act in this manner, is matter of construction, by and by to be considered; but clear I am, that there is nothing in the *subject matter*, powerfully opposing such an exposition.

It has been said, however, that the vote of a board of directors is deficient in solemnity. I am of a quite different opinion. A vote is a transaction, as deliberate as the execution of a letter of attorney is, and as well adapted to awaken the attention, and to prevent the perpetration of fraud.

This is the intendment of the word solemn, when applied to legal instruments. *Warren* v. *Lynch,* 5 *Johns. Rep.* 246. *Jackson* v. *Wood,* 12 *Johns. Rep.* 76.

It was insisted, that the charter having given no specific mode of acting, the common law mode of acting by letter of attorney, may properly be inferred; and for this was cited the opinion of *Story,* J. in *Fleckner* v. *The Bank of the United States,* 8 *Wheat.* 338.

The principle, when correctly understood, is undeniable. If, on the usual rules of construction, the legislative intent cannot be found, the common law furnishes a just rule. Vide *Bac. Abr. tit.* Statutes, I. 4. This, notwithstanding the unguarded word *specific,* is all that was intended by the learned judge. The moment this limit is passed, the common law is made to controul a statute, and every act of the legislature is invalid, except so far as it is express. Such an inversion of principle is entirely inadmissible.

The defendants have contended, that a vote may be by parol, and of consequence, if sanctioned as the legal mode of dele-

gating power, it involves the principle, that a parol authority for the conveyance of land is valid.

I deny the principle that a vote may be by parol. The cited case of the *United States Bank* v. *Dandridge*, 12 *Wheat.* 64. in my opinion, does not advance the doctrine. If, however, I am mistaken in this, I fully concur with *Marshall*, Ch. J., who dissented from the court in the above case, and held, that the mode of acting by a corporation is no further overruled, than as to the necessity of a corporate seal. Beyond this, the mischiefs are too palpable and powerful, for a moment to be sanctioned. A written vote contains the certain and deliberate expression of the corporate will; but a parol vote, " to be proved by the uncertain testimony of slippery memory," imparts neither certainty, deliberation, nor security. Indeed, the term *vote*, by long and familiar application, indicates a written transaction; and to speak of a parol vote scarcely excites less surprise, than to speak of a parol deed.

It is admitted, that the general regulations of our statutes, require an agent to act by letter of attorney in the conveyance of land, and that it be recorded with the deed made by virtue of its authority. But these regulations have no bearing on the question now agitated; that is, whether the board of directors is empowered by charter, to appoint by vote, an agent for the disposal of land. Nor is the silence of the charter, relative to the recording of a vote with the deed executed in virtue of its power, of material weight in its construction. The legislature may have deemed it unnecessary to put a vote on a level with a letter of attorney, a mere pocket instrument; or what is more probable, it may have been *casus omissus*, an incident not uncommon at the commencement of a new system, and from which nothing can be inferred.

It was argued, that a vote is liable to loss and destruction; and hence, that the recording of it would have been prescribed, if the charter had intended to render it the instrument of authorizing the conveyance of land.

Between the premises and conclusion of this argument, I do not discern any connexion. The vote of a corporation, from its regular entry and permanent locality, is better preserved, and as evidence, is more accessible than a letter of attorney is; yet it may be lost or destroyed. All evidence is subject, in some degree, to this fatality. But the recording of a vote does not correct this inconvenience. The record gives notice, but

does not supply proof; and whether it is, or is not recorded, it must be proved by legal evidence.

New-Haven,
July, 1830.

SavingsBank
v.
Davis &
Center.

In expounding the charter, I experience no difficulty. The directors are empowered to manage all the concerns of the bank, even to the disposal of its property; and to appoint all necessary agents. The mode of doing either, however, is not prescribed, but is matter of construction. The charter contemplates the business of the corporation to be transacted exclusively by a special board of directors. Hence, as was determined by the supreme court of the *United States*, in harmony with the decisions of other courts, the acts of such a body, evidenced by a written vote, are completely binding on the corporation, and of consequence, a clear expression of the corporate will, and delegation of its authority; as much so, as the most solemn acts done under the corporate seal. In other words, this mode of action by vote, conformed as it is to the nature of such a body, and the intent of the legislature; being a convenient, deliberate and solemn expression of the corporate will, and preserved in a book of records, is the authorized mode of its action. So far as regards all transactions in respect of personal estate, and the agencies concerning them, there seems to be a general agreement upon this subject. Why not, in the appointment of an agent for the disposal of land? In the subject matter, there is nothing that should limit the mode of expressing the corporate will; no valid reason, interesting to the Bank or the community; and no diversity between the different kinds of agencies, declared or intimated by the charter. After the numerous decisions, giving validity to the votes of a board of directors, because it was contemplated that they should act in this manner, it would savour too much of a superstitious reverence for a seal, an artificial symbol adopted to express the corporate will, to hold one necessary in cases like the one in question. Nothing is gained by it; and the general convenience, and freedom from trouble and expense, would be ill sacrificed, to a prejudice, or at most, to a matter of imaginary importance.

But if the common seal be requisite, for the expression of the corporate will, in relation to real estate, because such was the ancient rule; why not return to this supposed essential, in the appointment of agents generally? Whence comes it, that a corporation may speak by the vote of its directors, in respect of agencies for the disposal of personal property, or the exe-

cution of executory contracts ; and that this organ of speech is ineffectual, or ceases to exist, when it would appoint an agent for the disposal of land ?

That land cannot be conveyed without deed, is admitted ; but that a corporation, like that of the *Eagle Bank,* may not, in the authorized language of its votes, appoint an agent to convey it, I cannot concede.

3. Whether the agent duly executed the deed in question, is the remaining inquiry.

1. It was made in the name of the corporation, and signed in their behalf, by *Mc Crackan,* as their attorney. It matters not in what form of words it is denoted the instrument was signed, if it appears to have been executed in behalf of the principal, by an authorized agent. *Wilks & al.* v. *Back,* 2 *East,* 142. *Magill* v. *Hinsdale* & al. 6 *Conn. Rep.* 464. That the deed in question was thus executed, there is no reasonable doubt; and by a slight transposition of the words, the signature is literally exact.

2. The seal of the corporation was not affixed to the deed, but one selected by the agent. Is then the instrument the act and deed of the corporation ?

It is not susceptible of controversy, in respect of all grants made directly and immediately by a corporation, that they must affix their corporate seal. It is in their custody, and no reason can be assigned why it should not be affixed. To this point tended much the greater part of the authorities cited. But in what mode a corporation shall act through the instrumentality of an agent, that is, whether the corporate seal, of which he has not the custody, must be affixed by him, is a different question.

Were it *res nova,* I should incline to the opinion, that the seal of the agent in this case, as it is in the case of a public agent or of an individual, should, in contemplation of law, be deemed the seal of his constituent. The general convenience imperiously demands it. The embarrassments cast on distant and multiplied agencies, by requiring a corporate seal, is extremely obvious. Indeed, I once believed, misled probably by a strong sense of the justice and convenience that would be promoted by it, as well as by a misconception of this Court's determination in *Magill* v. *Hinsdale* & al. 6 *Conn. Rep.* 464., that the seal of the agent was the seal of the principal. But the point is too well settled to the contrary, to allow me to follow, as I gladly would do, this inclination of my mind.

It repeatedly has been decided, that in executing the deed of a corporation, their agent, in order to make it their act and deed, must affix the corporate seal. It is established law, beyond my powers of resistance. The determinations are too explicit to require discussion, and I shall content myself by refering to them without remark. *The King* v. *North-Duffield*, 3 *Maul. & Selw.* 247. *Randall* v. *Van Vechten* & al. 19 *Johns. Rep.* 60. *Bank of Columbia* v. *Patterson's* admrs. 7 *Cranch.* 299. *Damon* v. *Granby*, 2 *Pick.* 345. *Stinchfield* v. *Little*, 1 *Greenl.* 231. *Taft* v. *Brewster* & al. 9 *Johns. Rep.* 334. *Com. Dig. tit.* Attorney. C. 14. 4 *Kent's Com.* 443.

I am, then, brought to the result, that the deed in question was not duly executed.

The other objections raised against the valid execution of the deed, it is of no moment to discuss, and I waive the consideration of them, with the remark only, that they are unfounded, and admit of the most satisfactory answers.

BISSELL, J. I agree that a new trial must be granted, in this case ; but I do not concur in the opinion, which has been expressed, that *William McCrackan* was *duly* authorized to make the mortgage in question.

It has, indeed, been contended, by the defendants, that although the directors of the *Eagle Bank* might appoint agents to transact the ordinary business of the Bank, yet they had no power to appoint an agent to convey the lands of the corporation : That this was a personal trust, which they only could execute, and which could not be delegated. If it were true, that the directors were *mere* agents, there might be some force in the objection. But they are not mere agents. They derive no power from the stockholders, but from the charter. The stockholders impart to them no authority, except by electing them as directors. The charter authorizes them to manage all the business of the corporation ; and when they act, they act in their corporate character. *The United States Bank* v. *Dandridge*, 12 *Wheat.* 113.

I have, therefore, no doubt, that the directors had power to appoint an agent *to convey lands.* Has that power been duly executed ? Some objections have been taken to the mode, in which the special meeting of directors was convened. I do not think these objections ought to prevail. But I am of opinion, that a mere vote of the board of directors, not authenticat-

*New-Haven, July, 1830.*

SavingsBank
*v.*
Davis &
Center.

ed by the common seal, and not recorded, was not a sufficient authority to Mr. *McCrackan* to execute the mortgage deed. I think the appointment invalid, both on the principles of the common law, and in reference to our own statutes regarding conveyances of real estate.

1. The appointment was invalid, on the principles of the common law. It has, however, been contended, that the principles, applicable to corporations at the common law, are here of no force or relevancy ; that the *Eagle Bank* is a corporation created by statute ; and that to the charter, and to that alone, are we to look, to ascertain, not only the extent of the powers conferred, but also the manner in which those powers are to be exercised.

It is undoubtedly true, that the powers and privileges of a corporation, are strictly limited by its charter ; and that they are not to be extended by implication. And it is equally true, that where the mode of exercising those powers, is pointed out by the charter, that mode, and that only, is to be pursued.

The charter of the *Eagle Bank* provides, that "a cashier and such other officers and agents as shall be requisite, for performing the business of the corporation, shall be appointed." Under this section, (which contains the only provision on the subject,) the directors may, undoubtedly, appoint an agent, to convey the lands of the corporation. But as to the mode of appointment, the charter is silent. It does not prescribe, *in what manner*, an agent for this or any other purpose shall be appointed. To what then are we to look, *for the mode of acting*, but to the general law on this subject.

In giving the opinion of the court, in the case of *Fleckner* v. *The United States Bank, Story*, J. remarks : "Where corporations have no specific mode of acting prescribed, the common law mode of acting may be properly inferred." 8 *Wheat.* 358. The same doctrine is asserted, by the late Chancellor *Kent ;* (2 *Kent's Com.* 234.) and is too well settled to admit of dispute.

What, then, is the common law mode of acting ; and in what manner, may a corporation appoint an agent to convey lands ? And here it is conceded, that anciently, by the common law, a corporation aggregate could do no corporate act, but under its common seal. I readily admit, that much of the ancient strictness, with respect to the use of the common seal, is now dispensed with ; that the rule is greatly relaxed, to meet the exi-

gencies of modern improvements; and that there are many things that a corporation may do by vote, which will be as effectually binding as the most solemn instrument, under its corporate seal. Thus it may, *by vote*, empower an agent to indorse a note ; and an indorsement made by the agent, *so appointed*, will be sufficient to transfer the note. *Fleckner* v. *The Bank of the United States*, 8 *Wheat.* 338.

It is further admitted, that where an individual may contract by parol, a corporation may also so contract ; and that an agent may be appointed, *by vote*, provided the act to be done, by such agent, *need not be under seal.* Still it is insisted, that a corporation can do no act, affecting its real estate, but by deed ; and that in every case where a corporation must act by deed, it must use its common seal. *Moore* 70. *pl.* 191. *Kyd on Corp.* 268. *Com. Dig. tit.* Franchises. F. 10. note *x.* F. 13. and note *p. Bro. Corp.* 34.

In *Horne* v. *Ivie*, 1 *Vent.* 47. it is said, that a corporation aggregate may employ any one in ordinary services, without deed, though not to appear for them in any act which concerns their interest or title. Nor can a corporation, without deed, command a bailiff to enter into lands for a condition broken ; for such command, without deed, is void. *Cro. Eliz.* 815. *Cro. Car.* 269. *Roll. Abr.* 514. *Kyd on Corp.* 263. Nor can a corporation make any disposition of its property, nor do any act relating to it, nor recieve a grant, without deed. Thus, it cannot make a lease for years, nor grant a license to take its trees, without deed. *Bro. Corp.* 51. 12 *H.* 7. 25. 26.

It may indeed, be said, that these are ancient authorities, and that they necessarily refer to the rule as it formerly existed. But is there a modern decision to be found, which even intimates, that the ancient strictness, in regard to the conveyance of real estate, has been, in any measure, relaxed ?

The *English* authorities, on this subject, are brought together by *Kyd*, in his treatise on corporations, pp. 259—268. ; and in view of them all, the doctrine that a corporation aggregate, can do no act affecting its real estate, but by deed, under the corporate seal, is asserted in the broadest terms. And in the late case of the *East London Water Works Company* v. *Bailey & al.* 4 *Bing.* 283. *Best*, C. J. in giving the opinion of the court, remarks : " It is clear, as a general rule, that a corporation cannot express its will but by writing under the common seal of the body corporate. It has, indeed,

*New-Haven,*
*July, 1830.*

SavingsBank
*v.*
Davis &
Center.

been contended, at the bar, that this rule is confined to contracts affecting real property ; but the rule is by no means so confined, although, undoubtedly, it is subject to some exceptions." He then goes on to enumerate the exceptions to the general rule ; and it can hardly be necessary to add, that the case now under consideration does not fall within any of them.

The late Chancellor *Kent,* in treating on this subject, observes : " It is deemed essential, in the *English* law, to the conveyance of land, that it should be in writing, sealed and delivered ; and although a corporation can do almost any business of a commercial nature, by a resolution without seal, yet the conveyance of land is not one of the excepted cases ; and they cannot convey, or mortgage, but under their corporate seal." 4 *Kent's Com.* 443. This, indeed, seems to be an admitted principle in all the cases. *Bac. Abr. tit.* Corporations, E. 3. *Rex* v. *Bigg,* 3 *P. Wms.* 419. *Lord Yarborough* v. *The Bank of England,* 16 *East,* 11. *The Bank of Columbia* v. *Patterson's* admr., 7 *Cranch,* 305. *Stinchfield* v. *Little,* 1 *Greenl.* 231.

And in the case at bar, it is conceded, that the conveyance itself must be under the common seal, and that the corporation cannot, here, express its will in any other manner. And yet it is contended, that in appointing an agent to convey, and on the validity of whose appointment, the conveyance itself depends, the will of the corporation need not be so expressed ; but that a mere resolution of the board of directors is sufficient.

And how is the appointment so made, to be evidenced ? The vote is not, and it is contended that it need not be, recorded. And in the case of *The Bank of the United States* v. *Dandridge,* it was decided, that an act of the board of directors need not be in writing ; but that such act might be proved by presumptive evidence. 12 *Wheat.* 64. This decision, taken in connection with the principle here contended for, leads inevitably to the conclusion, that an agent *to convey lands,* may be appointed by parol, and of course, that the evidence of such appointment may rest entirely in parol. And why, let me ask, not follow up the principle, to its fair and legitimate results ? Why may not the conveyance be by parol also ? Is the mere execution of a power, of any higher solemnity than the act conferring the power itself ? And is there any reason, why the one should be in writing under seal, and the other not ? I can see none : and it seems to me, that every argument which has been

adduced to prove, that the appointment of the agent, in this case, need not be under the common seal, is equally strong to shew, that in the conveyance itself, the seal is wholly unnecessary. It is, however, urged, that there exists no reason, at common law, why the appointment of an agent to *convey lands*, should not stand on the same ground, and be evidenced in the same manner, as the appointment of an agent for any other purpose ; for that previous to the 29 *Car*. 2. lands were conveyed by parol : that at common law, writing and sealing were wholly unnecessary.

New-Haven, July, 1830.

SavingsBank
*v.*
Davis &
Center.

It ought to be remembered, that when lands were thus conveyed, livery of seisin was an indispensable requisite ; and that when lands thus passed from man to man, a corporation could not so grant or take. And the reason is, that the giving and taking livery are personal acts ; and when any personal act is to be done, by a corporation, that act must be done by attorney. " Thus, when they are to make a feoffment and grant livery and seisin, that must be done by attorney authorized by warrant under their seal." *Plowd*. 149. *Kyd on Corp*. 268, 9. And the appointment of an attorney to take or make livery of seisin, or the like, without deed, is void. *Bro. Corp.* 51. *The Bailiffs* &c. *of Ipswich* v. *Martin, Cro. Jac.* 411.

Chief Justice *Marshall*, in the case of *The United States Bank* v. *Dandridge*, 12 *Wheat*. 64. remarks : " Livery could not be made by or to a corporation aggregate, because they are personal acts ; and it is an impersonal thing. These acts were to be performed, through the agency of an individual, having power to perform them, under the corporate seal." And again : "Deeds of mortgage, as well as of ground for necessary buildings, are conveyances of lands ; and if any one legal proposition is laid down without a single exception, it is this, that a corporation aggregate cannot take lands, otherwise than by deed. To me it would appear very incautious to take such conveyances, otherwise than as is prescribed in the books, that is, by appointing an attorney, under the corporate seal to receive them."

It hardly need be remarked, that the opinion of this eminent jurist is fully sustained, by the authorities which have been cited : And it is equally unnecessary to say, that the observations here made apply with equal, if not with greater force, to the *conveyance* than to the *receiving* of lands by a corporation. There is, indeed there can be, no controversy in regard to the ancient rule on this subject. Has the rule been relaxed, in

modern times ? And *so relaxed* as that an agent to *convey lands,* may now be appointed, *without deed ?* It is for those who oppose us, to maintain the affirmative of these questions. This, in my judgment, has not been, and cannot be done.

2. How stands this appointment in view of our own statutes, respecting the conveyance of lands ?

The statute requires, that all grants, bargains, and mortgages of lands, shall be in writing, subscribed by the grantor, attested by two subscribing witnesses, and acknowledged. The uniform construction of this statute has been, that sealing is also necessary : and that real estate cannot be conveyed, but by deed. 1 *Swift's Dig*. 123. And when an individual conveys by attorney, the statute requires that the power to convey, shall be executed with the same solemnities as the deed itself ; and that both the power and the deed shall be recorded. Now, I would enquire, upon what principle it is, that corporations are to be exempted from these plain and explicit provisions of the statute ? Why should they not be bound, by those legal requirements, which are imperative upon individuals, and are, indeed, of universal application ? And why, when the law requires of an individual, that he should *act by deed*, are corporations permitted to act *by vote ?* Is there any thing of peculiar solemnity, in the vote of a corporation ? And in this case, is it any thing more than a mere parol authority to execute the mortgage ? Is there the remotest analogy between such a vote, and a deed duly executed, acknowledged and recorded ?

To me, it does seem, that the doctrine contended for, is not only repugnant to the well settled principles of the common law ; but that it is also opposed to the whole frame and spirit of our statute regulations regarding conveyances. And especially, is it opposed to the policy of our recording system. That system demands, that the evidence, and the entire evidence, respecting the conveyance of real estates, should appear upon the public records. These records are always open to public inspection, and are presumptive notice to the whole world of the facts which there appear. A purchaser ought to be enabled there, to trace the entire written evidence of his title. If the conveyance be by attorney, the power to convey must be recorded *with the deed*. The power is, indeed, a constituent and essential part of the conveyance. The power and the deed must be taken together ; and it would be perfectly idle to record the one without recording the other. You might as well record the power without the deed, as the deed with-

out the power. The statute is *as* imperative in the one case as in the other ; and it is very obvious, that the recording of the deed alone, would convey no valuable information to third persons.

New-Haven, July, 1830.

SavingsBank
*v.*
Davis &
Center.

If, however, the appointment of *Mc Crackan* was void, it is conceded, that recording the vote would not make it valid. That it was void, I have attempted to show.

But it is said, that this is not an open question in *Connecticut ;* that the point now in discussion was decided in the case of *Magill* v. *Hinsdale,* 6 *Conn. Rep.* 464.

If I believed this point to have been directly drawn into discussion, and decided, in that case, I should certainly feel bound to yield my own opinion, and acquiesce in the decision. But, I may be permitted to examine that decision, before I submit to it as a controuling authority in this case.

That was an action of *assumpsit,* for the use and occupation of lands. The plaintiff derived his title to the described premises, under an execution in his favour against the *Middletown Manufacturing Company,* and levied in *August* 1820. The defendants had occupied, under a lease from the plaintiff, from 1822, to the first of *January* 1825, and paid rent during that period. They also occupied the premises without lease, on the payment of rent, from the first of *January* to the first of *May* 1825, when they re-delivered the key and possession to the plaintiff. The defendants claimed, that they might lawfully pay the rent to the *Middletown Bank,* and thus be protected from the claim of the plaintiff. To sustain this defence, they offered in evidence 1. a vote of the *Middletown Manufacturing Company,* authorizing *Magill,* (the plaintiff) as agent of the company, to mortgage the premises to the *Middletown Bank ;* and 2. a mortgage deed from *Magill* to the bank, covenanting for and in behalf of the company, describing himself, and signing *as agent.* To the admission of these documents objections were taken : 1. That the charter of the *Middletown Manufacturing Company* did not authorize them to convey real estate, unless taken for debt.

2. That it was not competent for the defendants to deny the title of their landlord, the plaintiff.

3. That the deed was executed in the name of the agent, and not in the name of his principal.

These were the only questions made on the trial below ; and it is most obvious, that the question now under consideration

New-Haven,
July, 1830.

SavingsBank
v.
Davis &
Center.

was neither raised nor discussed. It seems to have been admitted, that if the *Middletown Manufacturing Company* had power to convey, they had delegated that power; and the only remaining question was, whether the power had been well executed. The charter of the company was not before the court; and it no where appears what were the provisions of that charter. It does not even appear, that the company had a common seal. *Peters,* J., in giving the opinion of the Court, says: " As the charter of the *Middletown Manufacturing Company* is a private statute, and not before us, the construction and extent of its provisions must be laid out of consideration. As they owned the land in question, they of course had the power to mortgage it. Have they delegated this power to the plaintiff? *This seems to be admitted.*" I repeat then, that the point now in discussion was not taken into consideration in the case of *Magill* v. *Hinsdale.* It was not made in the court below; and was not, and could not have been even raised in this Court: For previous to that decision, a rule had been adopted by this Court, which prescribed, that in all motions for new trials, the precise point, made by the party, and the precise opinion expressed by the court, should appear upon the face of the motion. The uniform construction of this rule has been, that no point not made and decided in the court below, can be taken into consideration, by the Supreme Court. How then can the question now made, be said to have been decided in *Magill* v. *Hinsdale?* It should, moreover, be recollected, that, in that case, the deed was executed under the private seal of *Magill,* and not under the seal of the corporation. It is so here. And how that case can be a controuling authority *as to the delegation,* and yet no authority *as to the execution of the power,* I am unable to discern.

The point is, in my judgment, fairly open for decision; and on the grounds which have been stated, I would advise a new trial.

PETERS, DAGGETT and WILLIAMS, Js. being interested, either the event of the suit, or in the question, gave no opinion.

New trial to be granted. (a)

(a) See note to *The United Society* v. *The Eagle Bank,* 7 *Conn. Rep.* 476.