---

## M'KIRCHER *against* HAWLEY.

IN ERROR, to the Mayor's Court of the city of *Albany.* The defendant in error brought an action of debt for rent, against the plaintiff in error, in the Court below. The declaration stated a demise of the premises, situated in the

Although a mortgagee may, it seems, distrain for rent due from a tenant of the mortgagor, on a demise made anterior to the mortgage, yet, where a mortgagor in possession, subsequently to the mortgage, leases the land, the mortgagee cannot distrain upon, or bring an action against the tenant, for the rent; there being no privity of contract, or of estate, between the mortgagee and tenant, without which there can be neither a distress nor an action for the rent.

So, where land has been purchased under an execution against the mortgagor, and the purchaser brings an action against the tenant of the mortgagor for rent accruing subsequently to the pur-chase, the tenant cannot plead, that after the demise to him his lessor mortgaged the land, that the mortgage had become forfeited, and that the mortgagee distrained upon him for the rent that afterwards accrued, and which included the rent claimed by the purchaser.

city of *Albany*, on the 1st of *May*, 1807, from one *Robert Cameron* to the defendant below, for one year, at the rent of 150 dollars, payable quarterly; that in the *March* term, 1817, of the Court below, one *Condi* recovered a judgment against *Cameron*, on which a *fieri facias* was issued, the premises levied upon, and on the 10th of *November*, 1817, sold to the plaintiff below, at public auction, as the highest bidder, and conveyed to him by the sheriff. The plaintiff claimed the rent for two quarters, which became due on the 1st of *May*, and on the 1st of *February*, subsequent to his purchase, amounting to 75 dollars.

The defendant below having pleaded *nil debet*, afterwards pleaded, *puis darrein continuance*, that on the 27th of *August*, 1818, one *James Kemp*, having a mortgage in fee on the premises mentioned in the plaintiff's declaration, duly executed by *Cameron* and wife, on the 18th of *June*, 1816, and which became forfeited on the 17th of *June*, 1817, issued a warrant to his bailiff to distrain on the goods and chattels of the defendant below, for eight months and twenty days rent due him on the 1st of *August* then instant, being 84 dollars, and 3 cents, which sum the defendant avers, included the rent claimed by the plaintiff, and that a distress was accordingly made for that sum.

The plaintiff having demurred to this plea, and the defendant joining in demurrer, judgment was rendered thereon for the plaintiff below, the defendant in error. The case was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the court. The single question in this cause is, whether a mortgagee can distrain for rent, accruing on a lease made by the mortgagor after the execution of the mortgage, and whilst the mortgagor remained in possession? The defendant in error, who was plaintiff in the Court below, has sued for rent accruing on the lease thus made, in virtue of a sale on execution of the mortgagor's right in the premises; and I do not understand that his right to maintain the suit would be denied, as between these parties, but for the mortgage, which was anterior to the judgment on which the sale was made to the plaintiff below, and under which mortgage the goods of the

plaintiff in error have been distrained, and sold to pay the rent now in question. The question turns upon this, whether there is such privity of estate, or contract, or right, as between the lessee of a mortgagor, upon a mortgage executed before the giving the lease, and the mortgagee, as will authorize the latter to distrain for rent.

This Court decided, in *Jackson* v. *Fuller*, (4 *Johns. Rep.* 215.) that where a person held under a title derived from the mortgagor, subsequent to the mortgage, that there was no privity of contract or estate between him and the mortgagee; and that, consequently, he was not entitled to notice to quit. I do not understand, from the points stated by the plaintiff's counsel, that he insists that any privity exists; his doctrine is, that the mortgagee has an election, either to proceed against the tenant as a trespasser, or to affirm the lease, and proceed, either by an action, or by distress to recover the rent.

Great stress has been placed on the case of *Moss* v. *Gallimore and another*, (*Doug.* 279.) in which it was decided, that where a man makes a lease for years, reserving rent, and then mortgages, that the mortgagee, after notice to the tenant of the mortgagor, is entitled to the rent in arrear at the time of the notice, and to the subsequently accruing rent, and has a right of distress, after such notice. In a note to *Bacon's Abr.* (tit. *Mortgage*, C.) it is stated, " that a mortgagor being considered in the nature of a tenant at will, it follows, that, if he makes a lease subsequent to the mortgage, the mortgagee may treat the lessee as a wrongdoer, or not, at his option;" and *Cro. Jac.* 660. and *Cro. Car.* 303. are referred to in support of that doctrine; but neither of those cases warrant the position, nor do they relate at all to the relative rights of a mortgagee and a tenant of the mortgagor.

*Woodfall*, in his treatise on the law of landlord and tenant, (174. 286.) lays down the position sanctioned by the case of *Moss & Gallimore*, and constantly marks the distinction, by confining the right of the mortgagee to distrain, where the lease was given anterior to the mortgage. It appears to be an established principle, that a person who has not the

NEW-YORK,
May, 1819.

M'KERCHER
v.
HAWLEY.

reversion, cannot distrain of common right. (*Woodfall*, 285.
2d ed. 380.   *Gilb. Law of Distress*, 28.)

After a pretty full consideration of the case, I incline to the opinion, that a mortgagee of premises cannot distrain for rent accruing on a lease given by the mortgagor subsequent to the mortgage.   There is no adjudged case which countenances the contrary doctrine, and there are strong reasons against it, arising from the consideration that there is no privity of contract or estate, between such a mortgagee and the tenant.   The mere legal ownership of the land, cannot authorize either an action or a distress for the rent. The mortgagor holds, it is true, upon an implied consent and agreement, existing between him and the mortgagee; and according to the decisions of this Court, is, on that principle, entitled to notice to quit before he can be proceeded against as a trespasser; but it would be going too far, to say, that he might make leases, which the mortgagee might or might not affirm, at his election.   The relation between them does not imply a right on the part of the mortgagor to lease.   Having already decided that there exists no privity between the mortgagee and one holding under the mortgagor by a conveyance subsequent to the mortgage, we have, in effect, decided the present question; for it would seem to be an incontestible proposition, that no man can distrain for rent, unless a privity of contract or of estate exists between him and the party of whom rent is claimed.   The remedy by distress is a summary process given by the law, enabling the party to do himself justice, in a prompt manner.   It will in no case lie, unless an action could be maintained for the rent; and if there be no privity of contract or estate, most certainly an action could not be maintained.

Judgment affirmed.