## Magill *against* Hinsdale and another.

To bind the principal, by the act of an authorized agent, in the execution of a deed, no particular form of words is necessary; but the capacity in which the agent acts, must appear from the face of the instrument; and where this is the case, it is sufficient.

Therefore, where *M.,* the authorized agent of the *Middletown Manufacturing Company,* executed a mortgage deed of land to the *Middletown Bank,* beginning thus: " *I, M.,* agent for the *Middletown Manufacturing Company,* being empowered by a vote of said company, in pursuance of said power, and for the consideration of 12000 dollars, received to my full satisfaction, for and in behalf of said company, of the *Middletown Bank,* do give, grant," &c.—covenanting, in behalf of said company, that they were well seised, and binding them to warrant and defend, &c.; to which *M.,* as "agent for the *Middletown Manufacturing Company,*" subscribed his name, and affixed his seal; it was held, that this was the deed of the *Middletown Manufacturing Company.*

A tenant of a mortgagor in possession, after the mortgage has become forfeited, may attorn to and take a lease from the mortgagee; after which he will be liable to the mortgagee, for the rent, during the continuance of the lease, and afterwards, for the use and occupation.

*Middlesex,*
July,
1827.

*Magill*
*v.*
*Hinsdale.*

This was an action of *assumpsit* for the use and occupation of land and buildings, in *Middletown ;* tried at *Middletown, February* term, 1827, before *Peters, J.*

On the 12th of *August,* 1820, the plaintiff levied an execution on the land and buildings described in the declaration ; and they were duly set off to him as the estate of the *Middletown Manufacturing Company.* From some time in the year 1822 to the 1st of *March,* 1823, the defendants, by permission of the plaintiff, occupied the premises, and paid rent to him therefor ; and on the day last-mentioned, the plaintiff demised the premises to the defendants, for one year, at the rent of 100 dollars ; which was paid in advance to the 1st of *December,* 1823. On the 24th of *October,* 1823, the defendants took from the *Middletown Bank* a lease of the premises ; paid rent for them to the 1st of *January,* 1825 ; and afterwards occupied them, without lease or payment of rent, to the 1st of *May,* 1825 ; when they redelivered the keys and possession to the plaintiff. The defendants offered in evidence the following vote : " At a meeting of the *Middletown Manufacturing Company,* held at *Middletown,* on the 29th of *March,* 1817 ; present, &c. Vo ted, that *Arthur W. Magill,* agent for the company, be, and he hereby is authorized and directed, for and in behalf of said company, to make, execute and deliver to the *President, Directors and Company of the Middletown Bank* a good and valid mortgage deed, with warranty, of the real estate of said company, as collateral security to said *President, Directors and Company,* for the payment, at such time as said agent may deem proper, of the debts due from said *Manufacturing Company* to the said *President, Directors and Company.*" The defendants also offered in evidence a deed, executed by the plaintiff, of the tenor following, *viz.* " I, *Arthur W. Magill,* agent for the *Middletown Manufacturing Company,* being empowered, by a vote of said company, in pursuance of said power, and for the consideration of 1200 dollars, received to my full satisfaction, for and in behalf of said company, of the *President, Directors and Company of the Middletown Bank,* do give, grant," &c. [describing the property mentioned in the declaration.] The covenants were in these words : " And I do hereby covenant, for

VOL. VI.            59

Middlesex,
July,
1827.

Magill
v.
Hinsdale.

and in behalf of said *Middletown Manufacturing Company*, with the said *President, Directors and Company*, that at and until the ensealing of these presents, said *Middletown Manufacturing Company* is well seised of the premises, as a good indefeasible estate in fee-simple; and have good right to bargain and sell the same, in manner and form as is above written; and that the same is free of all incumbrances: and I do, also, bind said *Middletown Manufacturing Company* to warrant and defend the above granted and bargained premises to the said *President, Directors and Company*, and their assigns, against all claims and demands whatsoever." This deed was conditioned to be void, on payment of sundry notes then due and payable, by the *Middletown Manufacturing Company*, to the *Middletown Bank*. The conclusion was as follows: "In witness whereof, I have hereto, for and in behalf of said *Middletown Manufacturing Company*, set my hand and seal, at *Middletown*, this 29th day of *March, A. D.* 1817.

Arthur W. Magill, [L. S.]

Agent for the *Middletown Manufacturing Company*."

The deed was duly witnessed, acknowledged, delivered and recorded. To the admission of these documents the plaintiff objected, 1. that the charter of the *Middletown Manufacturing Company* did not authorize them to convey real estate, unless taken for debt; 2. that it was not competent for the defendants, being tenants, to deny the title of the plaintiff, their landlord; 3. that the deed was executed in the name of the agent, and not in the name of his principal. The judge admitted the evidence, and directed the jury to find a verdict for the defendants; which was done accordingly. The plaintiff thereupon moved for a new trial, on the ground that the evidence was improperly admitted, and for a misdirection.

*Stanley*, in support of the motion, contended, 1. That the *Middletown Manufacturing Company*, by the terms of their charter, have not power to convey real estate, other than such as has been taken for debts previously contracted. *Sect.* 2. 9. 2 *Stat.* 41. 43.

2. That the mortgage deed to the *Middletown Bank* ought to have been executed in the name of the corporation, and not in the name of the attorney. *White* v. *Cuyler*, 6 *Term Rep.* 176. 1 *Swift's Dig.* 131. *Com. Dig. tit. Attorney. C.* 14.

3. That the general rule is, that where the defendant enjoys,

by permission of, or demise from, the plaintiff, he shall be liable in this action, and shall not be allowed to question the plaintiff's title ; and that this case is not within any of the exceptions to that general rule.   *Hayne* v. *Maltby*, 3 *Term Rep.* 441, 2.   *Esp. Ev.* 42 to 47.

4. That the relation of mortgagor and mortgagee does not, and never did, subsist between the plaintiff and the *Middletown Bank*, under whose title the defendants defend.   The title of the bank is derived by deed from the *Middletown Manufacturing Company*.   The title of the plaintiff is by a subsequent levy of execution against the same corporation, and purports to take the whole estate.   If the deed to the bank is valid, the plaintiff's levy, being upon the *premises described*, and not upon the *equity of redemption*, gives him no title, according to the decision in *Scripture* v. *Johnson*, 3 *Conn. Rep.* 211. ;(*a*) and consequently, the plaintiff is not in the place of a mortgagor.

5. That if the plaintiff were mortgagor, and the *Middletown Bank* mortgagee, still the defendants could not attorn to the *Middletown Bank*, and set up such attornment as a defence in this action.   The doctrine is a novelty here ; it is inconsistent with our system regulating mortgages ; is calculated to facili-

*(a)* When this case was cited, Judge *Daggett* made some remarks in explanation of the decision; a note of which he afterwards communicated to the Reporter.   It is subjoined.

In *Hitchcock* v. *Hotchkiss*, 1 *Conn. Rep.* 470., it was decided, that where the debtor's interest in land was only a life estate, and it was appraised and set off on an execution, as an estate in fee-simple, the creditor acquired a title to the estate, which the debtor had.   In *Scripture* v. *Johnson*, 3 *Conn. Rep.* 211. it was decided, on a bill to redeem mortgaged premises, that the creditor, who had levied an execution on *a part* of mortgaged premises, as an estate in fee in the mortgagor, might redeem the whole, on paying the whole incumbrance.   This was the only point decided.   The Chief Justice, in delivering the opinion of the court, says : " The execution was levied on a certain part of the land mortgaged, the legal title to which was not in the execution debtor, but in the mortgagee ; and the land was appraised and set off, as if it had been unincumbered.   The execution should have been levied on the equity of redemption, and that should have been set off to the creditor."   This opinion goes no further than to assert, that a levy on *a part* of mortgaged premises, and setting off that part by metes and bounds, does not take *an equity of redemption* in any portion of the mortgaged property.   It probably will be found true, that where the whole of the equity of redemption is not taken to satisfy the creditor's execution, the only mode of setting it off, is by taking an undivided interest in the equity, in the proportion which the amount of the execution bears to the whole value of it.   This seems to be the doctrine in *Punderson* v. *Brown*, 1 *Day* 93.   In this view of the subject, the cases of *Hitchcock* v. *Hotchkiss* and *Scripture* v. *Johnson* are not, in any degree, opposed to each other.

*Middlesex,*
*July,*
*1827.*

*Magill*
*v.*
*Hinsdale.*

tate frauds; and is not called for, by the frequency of leases among us. In *Moss* v. *Gallimore* & al. *Doug.* 279. there was a long lease, made before the mortgage ; and if the mortgagee did not have the rent, he could have nothing. In *Jones* v. *Clark* & al. 20 *Johns. Rep.* 51. 61, 2. the court relied on the *Stat.* 11 *Geo:* 2. *c.* 19. re-enacted in the state of *New-York*, considering it as having an important and decisive bearing upon the case. The mortgagee cannot take possession from the mortgagor, nor from the lessee of the mortgagor, without an action of ejectment. It follows, that the lessee of the mortgagor cannot deliver possession to the mortgagee, without the consent of the mortgagor. This power would be a breach of trust, and inconsistent with the relation between them. It would, also, deprive the mortgagor of his defence against the mortgagee, for usury or other cause.

*N. Smith* and *Sherman*, contra, contended, 1. That the *Middletown Manufacturing Company* were bound by the mortgage deed, executed by *Magill*, to the *Middletown Bank*. The rule that the act of one person, in behalf and by authority of another, must be done in the name of the latter, is satisfied, if the agency be disclosed in the transaction. In this case, *Magill*, on the face of the deed, communicated to the other party his situation as agent, and that he acted in that capacity. *Mauri* v. *Heffernan*, 13 *Johns. Rep.* 58. 77. *Rathbon* v. *Budlong*, 15 *Johns. Rep.* 1. *Hovey* v. *Magill*, 2 *Conn. Rep.* 680.

2. That the defendants might lawfully pay the rent to the *Middletown Bank*, and be protected from the claim of the plaintiff. The rule of law, on this subject, in *England* and in *New-York*, is well settled. *Moss* v. *Gallimore* & al. *Doug.* 279.— *Jones* v. *Clark* & al. 20 *Johns. Rep.* 51. In *Connecticut*, the law generally is not less favourable to the rights of the mortgagee, than in *England* or *New-York*. Every where, the mortgagee, after the law-day, is entitled to possession ; and may maintain ejectment *instanter*. What use is there in a suit ? If the tenant attorns to the mortgagee, it produces exactly the state of things, which ought to exist. The money goes, where it ought to go ; and the mortgagee is in the condition he ought to be in. The mortgagor has the benefit of the money paid, by its being applied on the mortgage debt; and this, too, is precisely in conformity with the nature and design of a mortgage. If the mortgage deed is void, for fraud or other cause, the tenant can

set up this matter by way of defence to an action for the rent. If the debt is paid, chancery will enjoin the mortgagee against proceeding at law for the rent. The doctrine contended for, was recognized in the case of *Atwater* v. *Eaton*, in the superior court, *New-Haven* county, tried before *Hosmer*, Ch. J.

3. That if *Magill* has any right, it is that of mortgagor. If he has no right, he cannot sustain this action.

*Middlesex,*
July,
1827.

Magill
*v.*
Hinsdale.

PETERS, J. 1. As the charter of the *Middletown Manufacturing Company*, is a private statute, and not before us, the construction and extent of its provisions must be laid out of consideration. As they owned the land in question, they of course had power to mortgage it. Have they delegated this power to the plaintiff? This seems to be admitted. Has he executed this power? This is denied, because he executed the deed in his own name, and not in the name of the corporation.

2. It is a general rule, that a tenant cannot deny the title of his landlord. *Merwin* & al. v. *Camp* & al. 3 *Conn. Rep.* 35. But the defendants have not done or attempted such an act. They had merely *attorned* to their lord paramount. If the legal estate passed to the bank, by the mortgage executed by the plaintiff, he acquired the equity of redemption only, by the levy of his execution. His tenants were liable to be treated as *tort-feasors;* which they might lawfully avoid, by submission to the claim of the mortgagee. *Rockwell* & al. v. *Bradley,* 2 *Conn. Rep.* 1. *Wakeman* & al. v. *Banks,* 2 *Conn. Rep.* 445. In *Jones* v. *Clark* & al. 20 *Johns. Rep.* 51. it was decided, by the supreme court of *New-York,* that the tenant of a mortgagor in possession, after the mortgage has become forfeited, during the continuance of the lease from the mortgagor, may attorn to and take a lease from the mortgagee; and in an action brought against him, by the mortgagor, for rent, under his lease, he may set up such attornment as a legal defence. The same point was decided, by the Chief Justice, in *Atwater* v. *Eaton,* at *New-Haven,* in *August,* 1825.

3. No particular form of words is necessary for an agent to bind his principal, if he expresses in the instrument the capacity in which he acts. Deeds are to receive a construction from the whole taken together; and every deed ought to be so construed as to effect the intention of the parties, *ut res magis valeat quam pereat.* *Wilks* & al. v. *Back,* 2 *East,* 142. In

*Hovey* v. *Magill*, 2 *Conn. Rep.* 680. 682. *Swift* Ch. J., delivering the opinion of the Court, remarks, that no precise form of words is required to be used; that every word must have effect, if possible; and that the intention must be collected from the whole instrument taken together. Who can entertain a doubt, upon reading the deed in question, that it was the intention of the plaintiff to bind the company? In *Combe's* case, 9 *Rep.* 75. 77. it was resolved, that when any has authority to do any act, he ought to do it in his name who gives the authority. But where it was objected, that the attornies had made the surrender in their own names; for the entry was *Quod iidem Willielmus et Stephanus, &c. sursum reddiderunt, &c.* it was answered, and resolved *per totam curiam*, that they had well pursued their authority : for first, they shewed their letter of attorney; and then, *authoritate eis per prædictam literam attornatus datam sursum reddiderunt*, &c. which is as much as to say, "We, as attornies of *Thomas Combes*, surrender," &c.; and both these ways are sufficient; as he who has a letter of attorney to deliver seisin, saith, "I, as attorney to *J. S.* deliver you seisin ;" or " I, by force of a letter of attorney, deliver you seisin ;" and all that is well done. In *Stinchfield* v. *Little*, 1 *Greenl.* 231. it was said, by the supreme court of *Maine*, that where a contract is entered into, or a deed executed, in behalf of the government, by a duly authorized public agent, and the fact so appears, notwithstanding the agent may have affixed his own name and seal, it is the contract or deed of the government who alone is responsible. But they add, the same rule does not obtain in relation to the agent of an individual or a corporation. But I perceive no reason for this distinction.— And the supreme court of *New-York*, in *Rathbone* v. *Budlong*, 15 *Johns. Rep.* 1. expressly say, that in fact there is no difference between the agent of an individual and of the government. Upon this point, this case is not distinguishable from the case of *Hovey* v. *Magill*, 2 *Conn. Rep.* 680. wherein this plaintiff executed a promissory note, in the same manner, for the same principal; and this Court held, that the principal was bound, and not the agent.

I am, therefore, of opinion, that there ought not to be a new trial.

BRAINARD, LANMAN and DAGGETT, Js. were of the same opinion.

Hosmer, Ch. J. gave no opinion, being related to one of the parties.

*Middlesex,*
July,
1827.

Magill
*v.*
Hinsdale.

New trial not to be granted.