JAMES CROSBY *versus* NATHANIEL HARLOW and Trustee.

NATHANIEL HARLOW *versus* THOMAS DREW and Trustee.

NATHANIEL HARLOW *versus* NATHAN B. WIGGIN and Trustee.

Where the mortgagor of real estate appointed an agent to act for him in receiving the rents from the tenants, and before the rents had accrued, the mortgagee notified the agent to pay the rents, when collected, to no one but himself, this was held to be a termination of the tenancy at will of the mortgagor, and rendered the agent accountable to the mortgagee for the subsequently accruing rents received by him; and liable to be charged therefor, as trustee of the mortgagee.

And if the mortgagee bring a suit against the mortgagor and summon such agent as his trustee on account of the money thus received for rent, the agent holding the money for the plaintiff and not for the defendant, will be discharged as trustee.

IN each of these cases Isaac S. Whitman was summoned as trustee, and made his several disclosures. From these it appeared, that a tract of land, called the Harlow Corner, on which were several small tenements, had been owned as tenants in common by Harlow, by Drew, by Wiggin and others, Drew and Wiggin had mortgaged their shares in the estate, respectively, to Harlow, and the condition of these mortgages had been broken. Whitman had been appointed by Harlow, by Drew, and by Wiggin their agent to collect and receive the rents. When the trustee processes were served upon Whitman, he had nothing in his hands on account of rents received for Harlow's original share, but had money received for rents on account of each of the other shares mortgaged to Harlow. Before the service, Whitman had seen published in a newspaper a notice by Harlow to foreclose both mortgages, and had seen a notice thereof in the registry of deeds; and before the rents had accrued, he had been notified by Harlow, not to pay the rents on their shares to Drew or to Wiggin, and to pay the same to him, as he claimed the same as mortgagee.

In the case of *Crosby v. Harlow*, and trustee,

*G. F. Shepley*, for the plaintiff, claimed that the trustee should be charged, because upon the disclosure, Harlow was

Crosby & al. *v.* Harlow & als.

entitled to the rents received by the trustee on account of the Drew and Wiggin shares, and the trustee was debtor to him therefor. The mortgagee was entitled to the rents after notice to the agent not to pay over to the mortgagor. Even if the entry was not effectual to foreclose the mortgage, the mortgagee was entitled to the rents after notice. *Stone* v. *Patterson,* 19 Pick. 476; *Welch* v. *Adams,* 1 Metc. 494; *Reed* v. *Davis,* 4 Pick. 216.

*Cutting,* for the trustee, said that having been appointed agent by each of the parties, Whitman was not obliged to litigate the question, whether some other person had a better title to the land than his principal; nor to determine whether the alleged mortgage was in existence or not; or whether an entry had been made or not. But even if the agent is bound at his peril to decide all these questions correctly, Harlow was not entitled to this rent. As between mortgagee and mortgagor, the latter is entitled to the rents and profits, until the former has obtained the actual possession. A claim to the possession is not enough. *Wilder* v. *Houghton,* 1 Pick. 87.

The opinion of the Court was drawn up by

WHITMAN C. J. — In the two last cases it is clear from the disclosure of the trustee that he is not chargeable. The rents disclosed by him, as being in his hands, were, in those two cases, due and payable neither to the said Drew nor to said Wiggin, but to the plaintiff himself. He was the mortgagee of the premises; and being so, while the rents were accruing, he gave notice to Whitman, who was the agent of the mortgagor, to pay the rents, when collected, to no one but himself. This was a termination of the tenancy at will of the mortgagors, and rendered Whitman his agent and liable to him for the subsequently accruing rents. *Lane* v. *King,* 8 Wend. 584; *Wadilove* v. *Barnett,* 2 Bing. N. C. 538; *Pope* v. *Briggs,* 9 Barn. & Cres. 245. The trustee, therefore, in these two cases must be discharged; but in the first case he is chargeable.