### RODERICK D. HILL *versus* FRANCIS JORDAN.

If the mortgagee of real estate enter upon the premises, and require the mortgager's tenant at will to attorn to him, or surrender to him the possession, the original tenancy at will is determined.

In such a case, if the tenant refuse to attorn or quit the premises, he becomes a trespasser, and the mortgagee may maintain trespass against him, for the subsequently accruing rents.

TRESPASS, to recover for rents and profits.

Charles J. Trueworthy, in October, 1846, mortgaged to plaintiff certain mills, house and lands. The defendant at the time, was a tenant at will of the property under Trueworthy, and has occupied ever since. In February, 1847, the plaintiff entered upon the premises with a witness, and claimed possession of the same, and notified the defendant to pay subsequently accruing rents to him, or leave the premises. This the defendant refused to do. A nonsuit or default was to be entered, as the legal rights of the parties should require.

*Peters*, for plaintiff.

A mortgagee has a right, at any moment, to take possession and enjoy the rents and profits. If he goes upon the premises and finds there a tenant at will of the mortgager, the tenant, unless he attorn to the mortgagee, remains as a trespasser.

It matters not whether the condition of the mortgage is broken or not, or whether the entry by mortgagee is to foreclose or not; the property is that of the mortgagee, against the world. And any person, other than the mortgager, found in possession, and *who remains* there against the will of the mortgagee, is, after notice, a trespasser, and liable to pay rents in this form of action. There being no privity of contract, of course, assumpsit will not lie. This case is virtually decided in the following cases. 1 Metc. 494 ; 21 Maine, 499 ; 9 Barn. and Cres. 245.

In the case, 1 Pick. 87, it does not appear that the mortgagee entered upon the premises, and gave direct notice to the tenant.

If tenant had attorned, assumpsit would lie; if he refused

to attorn, trespass is the remedy. In either case, there is a right to recover. The question is only, as to the form of action.

*Wakefield*, for defendant.

As between the mortgager and mortgagee, the former is entitled to the rents and profits, so long as he remains in possession, and is never obliged to account to the mortgagee for the rents and profits for any of the back years he has been in possession. Powell on Mortgages, vol. 3, p. 946 ; 1 Pick. 87 ; 15 Mass. 269.

The lessee of a mortgager, whose lease is made after the mortgage is given, stands in the situation of the mortgager, and there would seem to be no reason, why he should be held to pay rents, more than the mortgager would.

In the case in 15 Mass., above cited, the Court say ; " The lessee stands in the situation of the mortgager; and as the mortgagee cannot recover the back rents against the mortgager, when he is left in possession, it seems the better opinion, that he could not recover, in the like case, against the lessee of the mortgager."

The same principle is maintained in the case cited from 1 Pick. 87.

The cases cited by plaintiff's counsel, though apparently in conflict with these principles, are not really so.

The case in Metc. vol. 1, page 494, was assumpsit for use and occupation, brought by the lessor, and it turned on the assent of the lessee, to pay rent to the mortgagee.

The case in Barnwell and Creswell, cited by plaintiff's counsel, was also for use and occupation, by assignees of lessor, who had mortgaged prior to giving the leases.

In that case, the lessee was willing to pay the rent, to the mortgagees.

The case cited from Maine Reports, is brief, and without any attempt at discrimination. If the Court intended to lay down the principle, that a notice by the mortgagee to the mortgager's lessee, determines the tenancy, and makes the

lessee liable to pay rent to the mortgagee, they overrule the case cited in the 1st of Pickering, and their opinion would be in conflict with the principle, laid down in the 15th of Massachusetts Reports above cited.

But all those cases differ from the present. The tenants in all those cases held under leases executed *after* the mortgages were given, and the Court in some of them, seem to recognize a distinction between leases subsequent to mortgages, and those prior to them. But in the present case, the tenant was in possession under a lease at the time the mortgage was made.

The mortgage, perhaps, operates as an assignment to Hill, of the reversion, and he may be entitled to recover the rents in some form of action, but not in this; for defendant, holding under a prior lease, cannot be considered a trespasser.

On his declining to pay rent, the plaintiff might have proceeded in forcible entry and detainer against him.

It is a strong argument against this form of action, that none such is reported to have been brought.

WELLS, J. — The plaintiff, to whom the land was mortgaged, having made an entry upon it, and claimed the possession, such entry put an end to the tenancy at will, subsisting between the defendant and the mortgager. And the defendant by continuing to hold over after the entry, and refusing to become the tenant of the plaintiff, must be considered as having violated his possession, and as a trespasser.

The authorities cited in the argument, and also others, show that the action is maintainable. *Smith* v. *Shepard*, 15 Pick. 147; *Reed* v. *Davis*, 4 Pick. 216; *Mayo* v. *Fletcher*, 14 Pick. 525.

According to the agreement of the parties, the defendant is to be defaulted.