Holbrook *v.* Gay.

SYLVIUS HOLBROOK *vs.* JONATHAN F. GAY.

A book of accounts kept by one who has since become insane, and proved to be in his handwriting, is admissible in evidence, on being verified by the suppletory oath of his guardian. And whether the degree of insanity, in a particular case, is such as to justify the admission, is to be decided by the discretion of the presiding judge.

THIS was an action of assumpsit to recover the amount of an account annexed to the writ. The defendant, who appeared by guardian, pleaded the general issue, and relied in defence on a set-off filed in the case. At the trial, before *Byington,* J., in the court of common pleas, it appeared that the defendant had become insane since the charges contained in the set-off had accrued; that a guardian had been duly appointed, who appeared and was admitted to defend the action; and that the defendant was insane at the time of the trial.

For the purpose of proving the set-off, a book was produced and proved to be the book of original entries, kept by the defendant, at the time the items charged in the set-off accrued, and that the entries therein were all in the handwriting of the defendant.

The defendant then called the guardian, and offered to prove by his oath, that the book came to his hands, as the genuine and only book of accounts of the defendant, and that to the best of his knowledge and belief, the entries therein were original and contemporaneous with the transactions, which were the subject of them, and that the same were unpaid ; and he contended, that, on proving these facts, the book should be received in evidence, without the oath of the defendant.

But the presiding judge ruled otherwise, and rejected the evidence ; and a verdict being found for the plaintiff, the defendant excepted.

*C. R. Train*, for the defendant.

*G. A. Somerby*, for the plaintiff.

Dewey, J. The books of a party, accompanied by his suppletory oath, are legal evidence to prove charges appropriately the subject of book charge. So if the party is dead, his books may be offered by the executor or administrator, accompanied by the proper statement, under oath, of the party offering them. 1 Greenl. Ev. § 119, and notes ; *Dodge v. Morse*, 3 N. H. 232. The further inquiry is, whether the like use may be made of the account-books of one, who has since making the charges become insane, and whose guardian offers them in evidence.

We perceive no difference in principle in the two cases, at the time the evidence is offered. The case assumes, that the party has not the exercise of his mental powers, and that to all practical purposes, these are for the time being extinguished. This as substantially disqualifies the party from giving his own suppletory oath, as actual death. The same necessity which justifies the introduction of the books of the party, and especially the various cases of modification of the rule as to such entries, and its adaptation to the circumstances and mode of keeping the accounts, alike seem to require and justify the admission of them, where the party has become incapacitated to take the oath by reason of insanity.

Where the case is one of permanent insanity, it seems quite clear, that such should be the rule. The only difficulty, that would seem to arise, will be in deciding upon the degree of insanity, that must be shown to justify the admission of this evidence. That, we think, must, from the nature of the case, be left to the sound discretion of the presiding judge. A supposed temporary insanity of a party should only operate as a postponement of the case, until sufficient time has elapsed for due restoration. But when no such restoration can be reasonably anticipated, evidence like that offered in the present case should be admitted.

The case of the death of a witness, and that of his becoming insane, have been alike treated as cases where it was competent to introduce his entries as evidence, or to prove his handwriting as an attesting witness. *Union Bank* v. *Knapp*, 3 Pick. 96, 109. *Exceptions sustained.*