Robinson *v.* Deering.

————◆————

56 357
90 540

AUGUSTUS ROBINSON, *pet'r for review, versus* HIRAM W. DEERING *& al.*

A lessor who, without the knowledge or consent of his lessee, has voluntarily terminated between the rent days the tenancy created by a verbal lease, cannot, in the absence of any agreement of apportionment, maintain an action for rent which accrued between the last rent day and the time of the termination of the tenancy.

ON EXCEPTIONS.

PETITION FOR REVIEW.

At the January term, 1868, of this Court, the defendants recovered a judgment against the plaintiff, by default, in an action of *indebitatus assumpsit,* for " two months and five days house rent, from June 7, 1866, to Aug. 13, 1866." At the next succeeding term, the plaintiff entered his petition for a review.

It appeared that the petitioner, on the 7th June, 1856, entered into possession of a house of the respondents, under a verbal agreement with them to pay the annual rent of $300, quarterly, on the 7th Sept., Dec., March, and June respectively, with no time agreed upon for the termination of the tenancy. The petitioner continued in possession thereof until Aug. 11, 1866, and paid the rent regularly to June 7, 1866. On Aug. 11, the respondents, without the knowledge or consent of the petitioner, conveyed the premises to J. H. Williams, who notified the petitioner of his purchase, and requested him to vacate. The petitioner paid

no rent to any one for the part of the quarter he occupied next preceding the conveyance; and the respondents sued him therefor and recovered the judgment before mentioned.

For the purpose of presenting the question to the full Court, the presiding Judge ruled, *pro forma*, as matter of law, that the petitioner had, in the foregoing facts, no defence to the suit sought to be reviewed, and that for this reason and purpose he would refuse to grant the review; and thereupon the petitioner alleged exceptions.

*Deane & Verrill*, for the petitioner.

*J. H. Williams*, for the respondents.

KENT, J. — The question of law presented for our determination, is whether a tenant, who was in under a verbal agreement or lease, at an annual rent of $300, payable quarterly, on fixed days, and who had occupied the premises for ten years under this agreement, and had paid the rent quarterly as agreed, but was dispossessed by his landlord's sale and conveyance of the property, without his knowledge or assent, after the payment for the quarter ending in June and before the termination of the quarter ending in September, is liable in *indebitatus assumpsit* for the occupation after the commencement of the last quarter, up to the time when the landlord terminated the tenancy by his own voluntary act. Can the rent agreed upon be apportioned, under these circumstances?

It was determined in *Clien's case*, in early times, 10 Coke, 127, that, where a term expires before the day on which rent is payable, whether by the eviction of the tenant from the land, or because the lease determines before the legal time of payment, no rent shall be paid, for there shall never be an apportionment in respect of part of the time.

This rule has been often recognized. *Wood* v. *Partridge*, 11 Mass., 488; *Burden* v. *Thayer*, 3 Met., 76.

This question was fully considered in the case of *Nicholson* v. *Munnigle*, 6 Allen, 215. It was there held, that

under a written lease, for years, with rent payable quarterly, but containing no provision for an apportionment, no rent could be recovered in an action upon the lease, for the portion of the quarter during which the premises were occupied, — the owner having sold and conveyed them, and thus terminated the lease, after the last payment of a quarter's rent and before the then next quarter day. It was also held, — that no action for use and occupation during that time, could be maintained, because, where there was an express contract, a party could not, after failing to establish any right under that, abandon it and recover under a count for use and occupation. If he could, he would have all the advantage which he forfeited by his act.

We refer to this case for the reasons on which the decision rests, without repeating them here.

The remaining question, viz., — whether, where the lease and contract is verbal, and the tenancy is one at will, a different rule would apply, was afterwards considered by the same Court, in the case of *Fuller* v. *Swett*, reported in a note to the above case, in the 6th of Allen. That was a case, in all its leading features, like the one at bar. The Court held that there was no distinction between this case and the former one, and held that the plaintiff could not recover for the time after the last quarter day.

We concur in this view. It is true that, by the statute, a verbal lease can have no greater force and effect than a lease at will, and may be terminated by a sale. But where there is a contract, by which one party agrees that the other shall occupy, by paying a yearly rent, quarterly on fixed days, and this condition is fulfilled strictly, it would seem just that the law should hold that, if the lessor chooses to terminate the tenancy by a sale, without notice between the quarter days, he should not recover for any part of the time after the last quarter day. The fair inference is that it is a contract for a quarter's occupancy by the tenant, and that it is an entire contract for that entire time, and if there is a payment at the quarter day, and a continued possession

afterwards, — that possession must be regarded as for the whole ensuing quarter. The question here is not as to the legal right of terminating the lease by sale or otherwise, but whether, having terminated it voluntarily in the middle of a quarter, which, under the agreement, the tenant had a right to occupy, there can be an apportionment of the time in favor of the landlord? It is clear that he could not recover rent for less than a quarter, if he, at any time during occupancy, had sued the tenant for use for a month after a regular quarter day, on which a quarter's rent had been paid.               *Exceptions sustained.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.