JULIA N. ANDERSON *vs.* EMERY ROBBINS.

Waldo. Opinion February 27, 1890.

*Mortgage. Lease. Rent. Attornment. Apportionment.*

Where a mortgagor in possession verbally leases the premises at a rent payable quarterly, and the mortgagee fifteen days before the expiration of a current quarter, duly enters and takes possession for condition broken, whereupon the tenant, on demand by the mortgagee, agrees to, and at the expiration of the current quarter does pay to him the rent for the whole quarter; *Held*, that the mortgagor cannot recover from the lessee for the two and one half months' use and occupation next preceding the mortgagee's entry and the lessee's attornment to him.

AGREED STATEMENT.

This was an action of assumpsit on account annexed to recover

$31.25 for rent of a house on Congress street, Belfast, from September 22, 1888, to December 7, 1888, being two months and fifteen days.

It appeared that prior to September 22, 1888, the plaintiff had leased, verbally, the premises named in the account annexed to the defendant at an agreed rental of $150 per year, payable quarterly. The defendant had paid the plaintiff the agreed rent to September 22, 1888, which was the end of a quarter. At the time when the defendant leased said premises, and for a long time before, the Belfast Savings Bank held a mortgage of the leased premises. December 7, 1888, said Savings Bank entered and took possession of said premises under said mortgage, in the manner provided by clause 3, § 3, c. 90, R. S., for the purpose of foreclosing the same for breach of condition. At the time of taking such possession, said Savings Bank notified the defendant that he must thereafter pay his rent to said Savings Bank, and the defendant agreed so to do. At the close of the quarter ending December 22, 1888, the Savings Bank demanded of the defendant the full quarter's rent from September 22, 1888, to December 22, 1888, and the defendant paid to said Savings Bank said full quarter's rent before the commencement of this suit. The plaintiff demanded of the defendant, before such payment to the Savings Bank, the rent sued for. The Savings Bank agreed to indemnify the defendant against loss and costs by reason of said payment.

*Thompson and Dunton*, for plaintiff.

*W. H. Fogler*, for defendant.

VIRGIN, J.   Assumpsit by a mortgagor of real estate against his tenant under a verbal lease, made after the mortgage, at a rent payable quarterly, for the recovery of two and one half months' rent.

The principal question presented is :   When a mortgagor in possession verbally leases the premises at a rent payable quarterly, and the mortgagee, fifteen days before the expiration of a current quarter, duly enters and takes possession for condition broken,

whereupon, on demand by the mortgagee, the tenant agrees to pay, and, at the end of the current quarter, does pay to him the rent for the whole quarter,—can the mortgagor recover from the lessee for the two and one half months' use and occupation next preceding the mortgagee's entry and the lessee's attornment to him.

We are of opinion that he can not.

To be sure, a verbal lease of land creates only a tenancy at will which can be terminated by the parties thereto only in the mode prescribed by R. S., c. 94, § 2; still until determined, it is sufficient to establish between them the relation of landlord and tenant, the amount of rent to be paid, and the times when payable. *Cameron* v. *Little*, 62 Maine, 550. But while such a tenancy can be determined by the parties only in the mode mentioned, it may be by one holding the paramount title of mortgagee at any time. *Crosby* v. *Harlow*, 21 Maine, 499; *Hill* v. *Jordan*, 30 Maine, 367.

For the legal title vests in the mortgagee upon the delivery of the mortgage, and thereupon he is regarded as having all the rights of a grantee in fee, subject to the defeasance. Hence in the absence of any express or implied agreement in the mortgage or other writing between the parties, the mortgagee has the right of immediate possession before as well as after condition broken. *Gilman* v. *Wills*, 66 Maine, 273, R. S., c. 90, § 2.

On account of the peculiar relation subsisting between the parties to a mortgage, the mortgagor, though the title be in the mortgagee, can not be required to pay rent to the latter so long as he is allowed to remain in possession, since his contract is to pay interest and not rent (*Chase* v. *Palmer*, 25 Maine, 341, 346; *Noyes* v. *Rich*, 52 Maine, 115; *Long* v. *Wade*, 70 Maine, 358); "nor has he any power, express or implied," said Lord Mansfield, "to let leases not subject to every circumstance of the mortgage." *Keech* v. *Hall*, Doug. 21, S. C. 1 Smith's Lead. Cas. 801; *Pope* v. *Biggs*, 9 B. & Cr. 254, Jones Mort. §§ 703, 776. And if a lease is made by the mortgagor, the lessee becomes liable to the mortgagee for rent accruing due after the latter's entry and the lessee's promise to pay; but not for rent due before such entry

and promise, as prior thereto there would be no privity between them. *Evans* v. *Elliott*, 9 Ad. and Ell. 159; *Crosby* v. *Harlow*, *supra;* *Hill* v. *Jordan*, *supra;* *McKircher* v. *Hawley*, 16 Johns. 289; *Stone* v. *Patterson*, 19 Pick. 476; *Smith* v. *Shepard*, 15 Pick. 147; 2 Washb. R. P. (3d ed.) 131 and cases *in notis.*

After entry by the mortgagee the lessee cannot be liable to the mortgagor for rent which should thereafter accrue, for rent payable quarterly is in no part due until the stipulated quarter day. *Countess of Plymouth* v. *Throgmorton*, Salk. 65; *Fitchburg Man'f Corp.* v. *Melven*, 15 Mass. 268; *Wood* v. *Partridge*, 11 Mass. 488; *Perry* v. *Aldrich*, 13 N. H. 343; *Russell* v. *Fabyan*, 23 N. H. 543. And while there may be an apportionment of rent as to estate (*Salmon* v. *Matthews*, 8 Mees. & W. 825; *B. & W. R. R. Corp.* v. *Ripley*, 13 Allen, 421) there can be none as to time. *Ex parte Smith*, 1 Swanst. note *A*; 2 Greenl. Cruise, tit. XXVIII, c. III; 3 Kent's Com. 470, for the contract is entire,—the rent for the period of time agreed upon is regarded as an indivisible item. *Cameron* v. *Little*, 62 Maine, 550. Hence at common law if a tenant at will determines the tenancy before rent day, he is bound to pay the whole sum which would have been payable had he continued tenant till that day, *Aleyn*, 4. Whereas if the lessor himself determines before the rent day, no rent will be due. Bac. Ab. 573, *Robinson* v. *Deering*, 56 Maine, 357; *Cameron* v. *Little*, 62 Maine, 550.

But it is urged that the lessor did not terminate this tenancy and that hence the rule last mentioned does not apply; and furthermore that the *dicta*, in *Fitchburg Manf. Corp.* v. *Melven*, *supra;* and in *Zule* v. *Zule*, 24 Wend. 76, 78, suggesting that a count on *quantum meruit* might be maintained for use and occupation enjoyed by the lessee prior to the mortgagee's entry, should apply. But the tenancy between the mortgagor and his lessee was completely determined by the mortgagee's entry and the lessee's attornment to him which was equivalent to an eviction by a paramount title. 3 Kent's Com. 464. *Smith* v. *Shepard*, 15 Pick. 147; *Welch* v. *Adams*, 1 Met. 494; *Knowles* v. *Maynard*, 13 Met. 352; *Nicholson* v. *Munigle*, 6 Allen, 215; *Fuller* v. *Swett*, 6 Allen, 219.

The tenant's attornment to the mortgagee was no violation of the principle which estops a lessee from denying his lessor's title. *Ryder* v. *Mansell*, 66 Maine, 167. By promising to pay to the mortgagee upon the latter's rightful entry, the tenant saved the trouble and expense of ejection which he could not lawfully prevent, and thereby became tenant of the mortgagee and paid to him the subsequently accruing rent; and neither law nor equity requires him to pay any part of it·over again. *Kimball* v. *Lockwood*, 6 R. I. 138, 140.

Moreover, the lease having been made after the mortgage, it was subject to it, and to the entry at will by the mortgagee. Still it was an express agreement and excluded an implied one. It was not mutually rescinded, but so long as it continued the parties were bound by its terms. No rent became due under its provision which was not paid by the lessee to the lessor. For a part of the last quarter's rent there was no express or implied promise on the part of the lessee to pay to the lessor. *Knowles* v. *Maynard*, 13 Met. 352, 355, is expressly in point.

*Judgment for the defendant.*

PETERS, C. J., LIBBEY, EMERY and FOSTER, JJ., concurred.