Bulger *v.* Wilderman and Pleet, Appellants.

Argued November 14, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Parris and Lischin,* for appellants.—A tenant is estopped to deny his landlord's title and to set up a paramount title in a third party: Cooper v. Smith, 8 Watts 536; Elliott v. Smith, 23 Pa. 131; City of Cincinnati v. Paint Creek Collieries Co., 252 Pa. 619.

The mere sending of a letter by a mortgagee, not the holder of the premises, to the tenant on the premises, does not in and of itself constitute the taking of legal possession: Tryon v. Munson, 77 Pa. 250; Myers v. White, 1 Rawle 353; Shields v. City of Pittsburgh, 252 Pa. 74.

*Charles Myers* of *Barnes, Biddle and Myers,* for appellee.—After default in a mortgage and notice by the mortgagee to the tenant occupying the mortgaged premises of such default and demand by the mortgagee upon the tenant that the rents thereafter accruing be paid to the mortgagee, the mortgagee is entitled to the rents: Wells v. Van Dyke, 109 Pa. 330; Mellon v. Lemmon, 111 Pa. 56; Bausman's Appeal, 90 Pa. 178; Wolf's Appeal, 106 Pa. 545; Eagle-Picher Lead Co. v. Fullerton, 28 Fed. (2) 472.

OPINION BY KELLER, J., February 27, 1931:

This is an action of replevin growing out of a distress for rent.

On July 1, 1924 John Donlan was the owner of a lot of ground situate on the northwest corner of 8th Street and 66th Avenue, Philadelphia, on which is erected an apartment house, known as Launton Apart-

ments. On the same day Donlan executed and delivered a mortgage covering the said premises, duly recorded, to secure the sum of $40,000 payable in two years with interest at 6% per annum. The mortgage contained a clause conveying the rents, issues and profits of the buildings thereon erected. It was duly assigned to John Hancock Mutual Life Insurance Company, the holder at the time this controversy arose.

Max Moscovitz and Israel J. Allen duly succeeded to Donlan's rights as owner of the premises and on July 30, 1926 entered into an agreement with the John Hancock Mutual Life Insurance Co.—hereinafter called "insurance company,"—by which it was provided that the principal of the mortgage was reduced to $36,000, and the date of payment extended to September 1, 1929, with interest as aforesaid.

On July 26, 1929, the owners of said apartment house, through their duly authorized agent, leased an apartment on the second floor of said premises to this plaintiff, for one year from October 1, 1929 at the annual rental of $1,080, payable in advance in monthly instalments of $90, on the first day of each month.

On September 18, 1929 said lease was duly assigned by the authorized agents of the owners to William Pleet, one of the defendants, and on October 7, 1929 the plaintiff paid to him the rent provided in said lease for the month of October, 1929.

On September 1, 1929 there was a default in the payment of the principal and interest due on said mortgage, and no payment was made thereon after that date.

On October 29, 1929 the insurance company notified the plaintiff, as well as all other tenants of said mortgaged premises, that it had taken possession of the premises on account of default in payment of the principal and interest due on said mortgage on September 1, 1929 and that no rent thereafter due and payable

by him as tenant of the premises should be paid except to its duly authorized agent, and demanded payment to it of the rent thereafter due and payable.

Pursuant to said notice plaintiff paid insurance company the rent due and payable November 1, 1929 for the month of November, 1929.

Pleet and his constable, the other defendant, levied a distress warrant against the plaintiff's goods for the rent for the month of November, 1929. The plaintiff thereupon sued out this writ of replevin.

On November 13, 1929 judgment, with waiver of inquisition, condemnation, etc., was entered on the bond accompanying the mortgage, in favor of insurance company as assignee aforesaid, and a writ of fieri facias was issued on November 15, 1929 by virtue of which the said premises were sold by the sheriff on January 6, 1930 to insurance company for $50.

The court below entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense.

The question raised by this appeal is whether payment of the rent by the tenant to the mortgagee, on demand after default on the mortgage, was a good defense to Pleet's claim and distraint for the rent. It depends on the rights granted the mortgagee by the indenture of mortgage.

There is some confusion in the decisions in this State on the subject, (See Professor Wm. H. Lloyd's article "The Mortgage Theory of Pennsylvania," 73 University of Pennsylvania Law Review 43), but much of it can be cleared up if the opinions are read in the light of the facts in issue and the question involved in the particular case. Generally stated, the rule in Pennsylvania is that although in form a conveyance of title, a mortgage is in reality only a security for the payment of money, or performance of other collateral contract: Wilson v. Shoenberger's Exrs., 31 Pa. 295; McIntyre v. Velte, 153 Pa. 350. So in Rickert v. Madeira, 1 Rawle 325, it was held that the interest of the mort-

gagee was not such an estate in the land as could be levied upon and sold by the sheriff under an execution; and in Myers v. White, 1 Rawle 353, that a sale under a levari facias on the mortgage would not pass title to the growing grain. In McIntyre v. Velte, supra, it was held that a material alteration of the mortgage by the mortgagee rendered it void; while the question at issue in Wilson v. Shoenberger's Exrs., supra, was whether the conveyance was absolute or defeasible; and, if the latter, it was held to be in effect a mortgage.

But the conveyance, though only as security, is not without significance and effect. In Lennig's Est., 52 Pa. 135, cited and relied on by the appellant, it was held that "when encumbered by the mortgagor for his own debt, the land is but a pledge or security for its payment, and the primary liability rests......upon the personal estate to redeem it;" but it is, nevertheless, a pledge of the land as security, and the effect of the conveyance as security cannot be brushed aside or overlooked: McLaughlin v. Ihmsen, 85 Pa. 364. The mortgagor remains the owner of the land mortgaged, but the mortgagee, is entitled to its possession to be held as security until his debt is paid. In case of default the mortgagee may proceed on the bond, or he may issue a scire facias on the mortgage, but he is not limited to those remedies. He may also bring eject-ment against the mortgagor, and those claiming under him, to recover the possession. His right of possession is not founded on his right to bring ejectment; his right to bring ejectment is based rather on his right to possession under the mortgage; and if he can enter on the premises, without any breach of the peace, he has the right to do so and take the profits until his debt is paid: Erny v. Sauer, 234 Pa. 330, 334. His possession is never absolute, but only as a security or pledge for the debt due him. He must account to the mortgagor for the rents and profits received; and when his debt is paid, the mortgagor is entitled to have back

his possession, and may recover it in ejectment: Wells v. Van Dyke, 109 Pa. 330; Mellon v. Lemmon, 111 Pa. 56. This right of possession, and to bring ejectment against the mortgagor and those claiming under him, is unquestioned. Mr. Justice ROGERS, who wrote the opinions in Rickert v. Madeira, supra, and Myers v. White, supra, said in Fluck v. Replogle, 13 Pa. 405, 406: "That the mortgagee has a right to recover possession, immediately on the execution of the mortgage, results from the nature of the instrument itself...... Unless there be an agreement to the contrary, the mortgagee has a right to immediate possession." In Smith v. Shuler, 12 S. & R. 240, it was held that ejectment might be supported on a mortgage, payable by instalments, before all the instalments became due. In Martin v. Jackson, 27 Pa. 504, that the remedy by scire facias on a mortgage does not exclude the remedy by ejectment; and in Youngman v. Elmira & Williamsport R. Co., 65 Pa. 278, that unless there be a stipulation in the mortgage to the contrary, a mortgagee may maintain ejectment for the mortgaged property before condition broken. The correct principle was stated by Chief Justice GIBSON in Presbyterian Corporation v. Wallace, 3 Rawle 109, as follows: "In form, a mortgage is certainly a conveyance; but it is unquestionably treated at law here, in the way it is treated in equity elsewhere, as a bare incumbrance, and the accessory of a debt. As between the parties it is a conveyance, so far as is necessary to enforce it as a security: As regards third persons, the mortgagor is the owner, even of the legal estate. This distinction, which, if attended to, will be found to reconcile the apparently jarring dicta of the judges, is as firmly established by the practice and decisions of the courts in Pennsylvania, as any other in the law." This constitutes the gist of Mr. Lloyd's conclusion in his article in the University of Pennsylvania Law Review, supra, which was approved by

Chief Justice MOSCHZISKER in Harper v. Consolidated Rubber Co., 284 Pa. 444, 451, as follows: "Professor William H. Lloyd, in a recently published article (73 U. of P. Law Rev. 43) discusses all of the leading Pennsylvania cases on the subject in hand, and states the conclusion that, while many of our decisions are difficult, if not impossible, to be reconciled (a view which seems to be supported by a reading of the cases), the title to the mortgaged premises may be accounted in the mortgagee 'as between the parties' to the transaction represented by the mortgage 'so far as it is necessary to render the instrument effective as a security,' but 'as to all other persons [with some special exceptions] the mortgagor is regarded as the owner, and the mortgage as a mere encumbrance and accessory to the debt,' which summarizes the predominant effect of our decisions."

Keeping this in mind it is not difficult to harmonize with what has been said before, the decisions in Britton's App., 45 Pa. 172, 177 (STRONG, J.) : "They [mortgages] are in form defeasible sales, and in substance grants of specific security, or interests in land for the purpose of security. Ejectment may be maintained by a mortgagee, or he may hold possession on the footing of ownership, and with all its incidents. And though it is often decided to be a security or lien, yet so far as it is necessary to render it effective as a security, there is always a recognition of the fact that it is a transfer of the title;" and Tryon v. Munson, 77 Pa. 250, 262, (AGNEW, C. J.) : "We are, therefore, cast upon the decisions in this state to ascertain the nature and effect of a mortgage. That the debt secured by it is personal in its nature and qualities of transmission is undoubted. Ownership of the debt carries with it that of the mortgage; and its assignment or succession in the event of death, vests the right to the mortgage in the assignee or the personal representative of the deceased owner. But there is a mani-

fest difference between the debt, which is a mere chose in action, and the land which secures its payment. Of the former there can be no possession, except that of the writing, which evidences the obligation to pay; but of the latter, the land or pledge, there may be. The debt is intangible, the land tangible. The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made. He may, therefore, enter at pleasure, and take actual possession—use the land and reap its profits. Now this title or lawful right to possess and actual pedis possessio, are not ideal or contemplative merely, but are real and tangible. True, the right is conditional, and will cease on payment of the debt; but until the condition is performed, the title and possession are as substantial and real as though they were absolute. The evidence of this is that the mortgagee may dispossess and hold out the mortgagor until he performs the condition, or until the perception of the profits reaches the same result. Thus we perceive an interest or estate in the land itself, capable of enjoyment, and enabling the mortgagee to grasp and hold it actually, and not a mere lien or potentiality, to follow it by legal process and condemn it for payment. The land passes to the mortgagee by the act of the party himself, and needs no legal remedy to enforce the right. But a lien vests no estate, and is a mere incident of the debt, to be enforced by a remedy at law, which may be limited. It is true, if the mortgagee be held out, he may have to resort to ejectment, but this is to avoid a conflict, and the statutory penalties for forcible entry, for otherwise he may take peaceable possession, and is not liable as a trespasser.''

We have here then a conveyance of the mortgaged premises by the mortgagor to the mortgagee as security for the payment of the mortgage debt, and, as between themselves and those claiming under them, it granted to the mortgagee, on breach of condition,

the right to possession of the mortgaged property, to hold until payment should be made. The mortgagee, or his assignee, could enter and collect the rents and hold them, until through them, or otherwise, the debt was paid. The right was conditional and would cease on payment of the debt, but until paid, the right of possession was as real and substantial as if absolute. When the mortgagor, or those claiming under him, leased the mortgaged premises, it was necessarily subject to the prior rights of the mortgagee. ''The possession of the mortgagor is the possession of the mortgagee, who is not, but at his own election and for the sake of his remedy, liable to be disseised by any act of the mortgagor remaining in possession; and the latter can make no lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title;......the land and all its profits form a security for his debt'': Martin v. Jackson, 27 Pa. 504, 510.

If the mortgagor or his successor in title, the defendant Pleet, had been in actual physical occupation of the premises, and, after condition broken, the insurance company had been able to effect a peaceable entry, it would have been entitled to retain possession until the mortgage debt and interest had been fully paid, accounting for the rental value of the property until payment had been made; but as the defendant's possession was represented by that of tenants paying rent, whose occupancy was subject to the superior rights of the mortgagee and might be terminated either by an action of ejectment or by fieri facias on the bond, or scire facias and levari facias on the mortgage, the weight of authority seems to be that the equivalent of entry may be obtained by the mortgagee making demand on the tenants for the rent accruing to the defendant under their leases and payment of the same by them; and, it will be noted, the defendant Pleet's own entry and possession was ob-

tained in just that way, viz., notice to the tenants of the assignment to him and demand that future payments of rent be made to him, followed by such payment (Record pp. 19-a and 30-a). In Pope v. Biggs, 9 Barn. & C. 245, it was held that a mortgagee having given notice to the tenants holding the mortgaged premises under leases granted by the mortgagor after the mortgage, is entitled to receive from the tenants the rents actually due at the time of notice as well as those which accrued afterwards. The court said: "Here the mortgagee, by giving notice of the mortgage to the tenants, has put an end to the right of the mortgagor to receive the rents." In Marx v. Marx, 51 Ala. 222, it was held that the rule was well established that a mortgagee, *in any case where he has a right to recover the possession of the premises by ejectment,* may intercept from the mortgagor, or one claiming under him, the rents of the same by notice to the tenant. In Babcock v. Kennedy, 1 Vermont 457, it was held, that a mortgagee after notice to the tenant to pay the rent to him was entitled to receive the rents. In Henshaw v. Wells, 9 Humphreys 567, 581 (Tenn.), it was held that a tenant subject to mortgage can only enjoy such rights as the mortgagor possessed; that the mortgagee may give notice to the tenant to pay him the rent and countermand the mortgagor's right. In Winnisimmet Trust v. Libby, 234 Mass. 407, 125 N. E. 599, 14 A. L. R. 638, a payment of rent by tenants to mortgagee was held not to relieve them as to the claim of their mortgagor landlord's assignee, because there was no proof of any demand by the mortgagee on the tenants for the rent or notification by them to pay the rent to her. Had there been, the ruling would have been otherwise in accordance with Adams v. Bigelow, 128 Mass. 365; Knowles v. Maynard, 13 Metc. 352; Cook v. Johnson, 121 Mass. 326; Welch v. Adams, 1 Metc. 494; Smith v. Shepard, 15 Pick. 147 and other cases. See also

Cavis v. McClary, 5 N. H. 529; Anderson v. Robbins, 82 Me. 422, 19 Atl. 910; Crosby v. Harlow, 21 Me. 499; Hill v. Jordan, 30 Me. 367; Magill v. Hinsdale, 6 Conn. 464; Gartside v. Outley, 58 Ill. 210; Baker v. Baker, 108 Md. 269, 70 Atl. 418.

The rule likewise applies where the lease was executed before the mortgage: Moss v. Gallimore, 1 Douglas (Eng.) 279; Mirick v. Hoppin, 118 Mass. 583; Burden v. Thayer, 3 Metc. 76; Russell v. Allen, 2 Allen 42; Souders v. Vansickle, 3 Halstead (N. J. Law) 313; Price v. Smith, 1 Green Ch. (N. J.) 516, 518; Merchants Union Trust Co. v. New Phila. Graphite Co., 10 Del. Ch. 18, 83 Atl. 520; King v. Housatonic R. Co., 45 Conn. 226; and in some states (e. g. New Jersey and Delaware) is confined to mortgages executed subsequent to the lease; but while accepting and relying on Moss v. Gallimore, supra, where it was said that the "mortgagor is only a receiver of the rent for the mortgagee who may at any time countermand the implied authority by giving notice not to pay the rent to him any longer," they apparently overlook the later English cases which apply the same rule to mortgages made before the lease, e. g. Pope v. Biggs, supra; Johnson v. Jones, 9 Ad. & El. 809. In the last named case it was held, that to an avowry for rent the tenant may plead payment of it to a mortgagee, to whom the premises had been mortgaged before the lease to the plaintiff, and who had demanded payment from the plaintiff and threatened "to put the law in force" in case of refusal; that such plea was in substance a plea of payment; and in Rogers v. Humphreys, 4 Ad. & El. 299, it was held that the mortgagee after default by the mortgagor has the same rights against a tenant by lease granted before the mortgage as the mortgagor had; but if the lease be made subsequently to the mortgage, the mortgagee may treat the tenant as a trespasser but cannot distrain or sue for rent, unless he accepted rent from the tenant, or has given

him notice to pay rent and the tenant has acquiesced; and in Brown v. Storey, 1 Mann. & G. 117, that the tenant by assenting to the notice of the mortgagee becomes his tenant. To like effect see Gartside v. Outley, 58 Ill. 210; Magill v. Hinsdale, 6 Conn. 464; Souders v. Vansickle, supra. Of course, in states where the mortgagee is not entitled to bring eject- ment, the rule is otherwise, and he is not entitled to rent before foreclosure: Hogsett v. Ellis, 17 Mich. 351.

The question at issue in this appeal is not whether the insurance company could have sued this plaintiff, or distrained his property, for the rent, following a notice of breach of the mortgage and demand for rent, —for the purposes of this case it may be assumed that it could not (See Evans v. Elliot, 9 Ad. & El. 342; Souders v. Vansickle, supra)—, but whether following such notice and demand after condition broken, a pay- ment of the rent by plaintiff to insurance company is a good defense to the demand for the same rent by the defendant Pleet, and we think the weight of authority is that it is; that the insurance company, assignee of the mortgagee, having the right of posses- sion superior to the mortgagor and those claiming under him, has such a paramount right, created by the mortgagor's own act, and existing when the lease was made, as justifies the tenant to attorn to and pay the rent due and payable, after notice and de- mand, to the mortgagee. There is consequently here no denial by the tenant of his landlord's title, but a recognition by the tenant of the termination of the landlord's possession by the prior and paramount right granted by him, or to which the lease was from its inception subject: Newell v. Gibbs, 1 W. & S. 496, 498; Eagle-Picher Lead Co. v. Fullerton, 28 Fed. (2d) 472, 483, (certiorari refused 279 U. S. 839); Sparks v. Walton, 4 Phila. 72 (SHARSWOOD, J.). The defendant Pleet, himself, bases his right to the rent on an assign- ment from the landlord. Were the landlord, after such

assignment, to distrain for the rent, the tenant could properly defend by showing payment to his assignee, and such defense would not be in denial of his landlord's title; neither is a payment to one whose rights are based on a prior conveyance of the rents by the landlord or those under whom he claims, to become effective on condition broken. The only difference between the assignment to Pleet and the mortgage to the insurance company as respects attornment is that by statute 4 Anne, Chap. 16, Secs. 9 and 10 (in force in Pennsylvania, Roberts Digest, 43, 45, 46), attornment is not necessary for the former to sue or distrain for rent, whereas the latter could not do so without attornment or its equivalent, payment of rent on notice and demand, or agreement to do so.

The conclusion here reached is in general harmony with the decisions of the federal courts for this circuit, relative to the distribution of bankrupt estates, (In re Torchia, 188 Fed. 207; In re Industrial Cold Storage & Ice Co., 163 Fed. 390; In re Lukens, 138 Fed. 188), and of our Supreme Court in assigned estates (Wolf's App., 106 Pa. 545). See also a very satisfactory discussion of the subject by Judge FINLETTER in Miles v. Kolsky, 13 D. & C. 579.

· The matters set forth in the plaintiff's statement did not relate to the source of plaintiff's title nor other matters which might be regarded as surplusage: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; McCrary v. McCully, 75 Pa. Superior Ct. 464. They related to the defendant's right to seize the plaintiff's goods on a distress for rent and were therefore relevant and material and required an answer under common pleas Rule No. 60.

The assignments of error are overruled and the judgment is affirmed.