# McLaughlin *versus* Ihmsen.

1. An unrecorded mortgage is valid as against the heirs of the mortgagor.
2. A scire facias will lie on an unrecorded mortgage.
3. Tryon *v.* Munson, 27 P. F. Smith 250, followed.

October 29th 1877. Before AGNEW, C. J., MERCUR, GORDON,
PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:*
Of October and November Term 1877, No. 217.

*Scire facias sur mortgage* issued by Frederick L. Ihmsen, sur-
viving executor of Christian Ihmsen, deceased, against Elizabeth
McLaughlin, testamentary guardian of the minor children of
Charles T. Ihmsen, deceased.

On June 22d 1869, Charles T., William and Christian Ihmsen,
executed and delivered to Eleanor Ihmsen and Frederick L. Ihmsen,
executors of the estate of their father, Christian Ihmsen, deceased,
a mortgage upon certain real estate, to secure a bond for the pay-
ment of $15,000, on or before June 22d 1874.

This mortgage was not recorded until the 5th day of June 1875.
In the meantime, on the 29th day of May 1870, Charles T. Ihmsen
died. No proceedings were had on the mortgage until the 24th
day of February 1876, when a sci. fa. was issued thereon, to the
1st Monday of March 1876. In the meantime William Ihmsen
had also died.

The writ therefore issued against Christian Ihmsen, the survivor

[McLaughlin v. Ihmsen.]

of the three mortgagors, and also against the executors, widows and heirs of William and Charles T. Ihmsen.

Christian Ihmsen and the executors, widows and heirs of William Ihmsen, made no defence. Mrs. Elizabeth McLaughlin, the testamentary guardian of the minor heirs of Charles T. Ihmsen, appeared and made defence, on the ground that as the mortgage had not been recorded within five years after the death of said Charles T. Ihmsen, the heirs took the real estate, discharged from the lien of the same. On the 9th day of February 1877, a verdict was taken for plaintiff, subject to the opinion of the court in banc upon the question of law thus reserved. The court afterwards, on July 14th 1877, gave judgment for the plaintiff. On the reserved question, judgment was entered on the verdict on July 21st 1877. On the 6th of August 1877, Mrs. McLaughlin, the said guardian, sued out this writ of error.

*J. M. Kennedy* and *John Barton*, for plaintiffs in error.—The 24th sect. of the Act of 1834, Bright. Purd. 422, provides, "No debts of a decedent, except they be secured by mortgage or judgment, shall remain a lien on the real estate of such decedent longer than five years after the decease of such debtor, unless an action for the recovery thereof be commenced and duly prosecuted against his heirs, executors or administrators, within the period of five years after his decease."

The exception as to mortgages, in this section, applies only to recorded mortgages, such as are liens at the time of the death of the debtor: Nice's Appeal, 4 P. F. Smith 200.

The bond given is the evidence of the debt. The mortgage is given to secure the payment of the bond. When the obligor in the bond is released from all liability upon the bond by payment, the running of the Statute of Limitations, or otherwise, is not the conditional conveyance of the title to the land, by the mortgagor, ended and annulled? and does not the title revert back to the mortgagor?

Then is it not in conflict with the true spirit and meaning of the statute, to say to these children of Charles T. Ihmsen, although they and the land inherited from their father are discharged and released from all liability for the debt secured by this bond, and the bond, as to them, is no longer a binding obligation, yet the mortgage given to secure that debt can be enforced. Scire facias is not the proper remedy upon an unrecorded mortgage.

*M. W. Acheson*, for defendant in error.—Nice's Appeal, *supra*, was a contest between creditors, and that case is itself authority for the position that an unrecorded mortgage binds the estate as against the mortgagor himself. Mellon's Appeal, 8 Casey 121, and Britton's Appeal, 9 Wright 172, are authority for the same prin-

[McLaughlin *v.* Ihmsen.]

ciple. This case, however, is ruled by Tryon *v.* Munson, 27 P. F. Smith 250.

Chief Justice AGNEW delivered the opinion of the court, November 7th 1877.

That a mortgage conveys an estate as a security for the payment of a debt is held in numerous cases. And even though unrecorded, it is good against the mortgagor himself or his alienee, or mortgagee with actual notice, or a judgment creditor with notice, before his debt is contracted: Mellon's Appeal, 8 Casey 121; Britton's Appeal, 9 Wright 172; Nice's Appeal, 4 P. F. Smith 200; Tryon *v.* Munson, 27 Id. 262. In the last case the authorities are all reviewed, and it is shown that the effect thus attributed, necessarily springs from the nature of the estate conveyed as a security, and therefore must prevail, not only against the mortgagor, but his heirs on whom the law casts the property, and who are mere volunteers in accepting it. The 24th section of the Act of 1834, limiting the lien of the debt against the real estate of the decedent, applies to the general estate descended to his heirs, but does not relieve the property specially pledged for the payment of a debt by the deed of the decedent, which estops his heirs, who are mere volunteers, from averring anything contrary to his deed.

That a scire facias to enforce the pledge may issue on an unrecorded mortgage is also proved by the authorities referred to. Tryon *v.* Munson was a case thoroughly argued and considered, and maintains the doctrine of many cases on the subject of mortgages. Judgment affirmed.