## Davis v. Clemens et al.

*W. Russell Green* and *Ernest Harvey,* for plaintiff.

*H. R. McCowan* and *Truman D. Wade,* for defendants.

WINDLE, J., April 13, 1931.—This bill in equity prays for an injunction staying certain foreclosure proceedings on a mortgage instituted by Nellie D. Lake (now Clemens) against herself as executrix of the estate of John H. Davis, deceased, whereunder certain real estate situate in Coatesville, Chester County, Pa., was, at the time of the filing of the bill, about to be sold at sheriff's sale by the defendant, Howard S. Green, sheriff of said county. Plaintiff relies on averments that the mortgage involved was not delivered during the lifetime of mortgagor, John H. Davis, the testator, being admittedly not recorded until after his death, and that there was no consideration for the giving of said mortgage. Defendant alleges that the mortgage was duly delivered to her by testator, her brother, prior to his death, though not recorded until later, and that there was ample consideration therefor, thus raising the issues of fact to be determined, and in connection with which testimony was duly taken on the trial of the case.

### Findings of fact

1. Lena N. Davis, plaintiff, is the widow of Dr. John H. Davis, late of Montgomery County, Pa., deceased.

2. Nellie D. Clemens, defendant, is the sister of the said Doctor Davis, deceased, and executrix of his last will and testament.

3. Cresson O. Davis, defendant, is a son of the said Doctor Davis, deceased.

4. Howard S. Green, defendant, is Sheriff of Chester County, Pa.

5. The said Doctor Davis died May 20, 1930, a resident of Montgomery County, Pa., leaving a last will and testament dated March 28, 1930, duly

admitted to probate by the register of wills of said county on June 14, 1930, wherein he provided, inter alia, as follows:

"Item. I give, devise and bequeath to my son, Cresson O. Davis, my property located on Third Avenue, in the City of Coatesville, County of Chester and State of Pennsylvania, under and subject to a certain mortgage for thirty thousand dollars ($30,000.00) made and executed on October 26th, 1925, in favor of my sister, Nellie D. Lake (now Nellie D. Clemens) which mortgage has not been recorded, but intended to be recorded."

Letters testamentary were issued to Nellie D. Clemens, executrix named in said will. Cresson O. Davis, the other executor named, it is alleged in defendant's answer and not denied, was a minor at the time of probate of said will and issuance of letters and at the time the scire facias sur mortgage in question was issued.

6. On May 21, 1930, the day following Doctor Davis's death, said mortgage was recorded in the recorder's office of Chester County at the direction of Mrs. Clemens, the mortgagee and defendant in this action.

7. On August 20, 1930, Mrs. Clemens, under the name of Nellie D. Lake, caused to be issued a scire facias sur mortgage against "Nellie D. Clemens, executrix of last will and testament of John H. Davis," being No. 191, September Term, 1930, in the Court of Common Pleas of Chester County. The affidavit of T. D. Wade, Esq., attorney for plaintiff in that matter, to the effect that the real owner of the property covered by the mortgage was the "John H. Davis Estate," was filed. The sheriff's return indicates that he served the writ on Nellie D. Clemens "personally," etc. On September 18, 1930, judgment was entered in favor of the plaintiff and against defendant in the sum of $40,792.50, by default, for want of an appearance and affidavit of defense. On the same day, a levari facias was issued on said judgment, proceedings whereon were stayed on October 20, 1930, by the preliminary injunction granted by this court in this case.

8. Originally, on June 30, 1930, Lena H. Davis, plaintiff, had signed an election to take under her deceased husband's will, but subsequently, on December 4, 1930, with leave of the Orphans' Court of Montgomery County, she revoked said election and filed her election to take against said will. The plaintiff on December 8, 1930, filed an amendment to the bill setting forth that fact.

9. The mortgage in question, dated October 26, 1925, was on that day executed by Dr. John H. Davis, the testator, and by him delivered to the mortgagee, Nellie D. Lake (now Clemens), the defendant in this suit. It was retained by her and kept in her possession or that of her agent or attorney until recorded at her direction.

10. Said mortgage was given to said defendant by said testator for good and valuable consideration.

### Discussion

There can be no doubt, under the evidence presented, that the mortgage under consideration in this case was duly delivered to Mrs. Clemens, mortgagee, by Doctor Davis, mortgagor, during his lifetime. On October 26, 1925, Doctor Davis and his sister went to the office of T. D. Wade, Esq., a member of the Chester County bar, and there Doctor Davis in Mr. Wade's absence directed Miss Mary Higgins, Mr. Wade's secretary, to draw said mortgage with the usual bond and warrant. That was done and Doctor Davis then signed and acknowledged the mortgage and signed the bond and warrant, thus fully executing both instruments. They were then handed to Mrs. Clemens, either by Doctor Davis or by Miss Higgins in his presence and with his

acquiescence and consent, and were taken home by her and kept by her as her property until March 28, 1930. On that date Doctor Davis went to Mr. Wade's office to have a will prepared, and Mrs. Clemens accompanied him. She brought with her the mortgage, having it in her hand in an envelope when she came in. The fact that it was not recorded was mentioned in connection with the preparation of the will, and Mrs. Clemens gave it to Miss Higgins, Mr. Wade again being absent from his office, with instructions that it be kept in Mr. Wade's office until she telephoned directing that it be put on record. On May 20, 1930, she called Mr. Wade's office and gave instructions that the mortgage be recorded, but as that was election day and the recorder's office was closed, it was impossible to comply therewith. Before the mortgage was recorded on the following day, Doctor Davis had died. Under these circumstances we have no hesitancy in finding that the mortgage was in fact delivered to the plaintiff by her brother on the day of its execution.

Nor are we in any doubt as to the consideration therefor. Mrs. Clemens had advanced substantial sums of money to her brother at various times, had raised and paid for the education of his son ever since the latter was a small child, cared for her brother on many occasions and in fact put him under great financial and moral obligation to her. He fully recognized that fact and gave her this mortgage as part or full payment of such indebtedness. There is no absence of consideration therefor.

The question before us, then, is as to the rights of the holder of an unrecorded mortgage after the death of the mortgagor. Plaintiff urges that such holder has no right of precedence over general debts but must share as any general creditor, citing Nice's Appeal, 54 Pa. 200, in support of her position. That, however, is not exactly the question here raised, being one of distribution of the assets of the estate. The case cited does not hold that the holder of an unrecorded mortgage may not proceed thereon after the death of the mortgagor, and as a matter of fact that is what he may do. Such proceedings and sale held thereon are binding on and valid as against the heirs of the mortgagor. Tryon v. Munson, 77 Pa. 250, with a long and well-considered opinion in which Nice's Appeal, *supra*, is differentiated, is authority to that effect. Therein it is said: "In this case, the simple question is, whether the mortgage, considering it as unrecorded, could be enforced against the heirs of James Wilson (mortgagor)." The court held that it could be. McLaughlin v. Ihmsen, 85 Pa. 364, following and relying on Tryon v. Munson, supra, holds that an unrecorded mortgage is good against the heirs of the mortgagor and that a scire facias may properly issue to enforce the obligation thereof. We must conclude, therefore, that Mrs. Clemens was proceeding properly in issuing the scire facias on the unrecorded mortgage in question.

As to the rights of real owners not brought on the record and served with process we are not here concerned. Such failure does not render the judgment invalid as against the land nor make it necessary to stay execution thereon. The effect thereof is that the real owners here, the heirs or devisees, may make any available defense against the purchaser of the land at sheriff's sale that they might have set up on the trial of the scire facias in case they had been made parties to that proceeding in the manner prescribed by the act: Gelston v. Donnon, 44 Pa. Superior Ct. 280; Lyle v. Armstrong, 235 Pa. 224.

### Conclusions of law

1. The mortgage dated October 26, 1925, given by Dr. John H. Davis to Nellie D. Lake, covering certain property of the mortgagor situate in the City of Coatesville, Chester County, Pa., recorded in the recorder's office of Chester

County aforesaid, on May 21, 1930, in mortgage book Y-10, vol. 248, at page 228, upon which the foreclosure proceedings in this suit questioned were instituted, was a valid and binding obligation of the mortgagor during his lifetime.

2. Said mortgage, even though unrecorded at the time of the mortgagor's death, was valid and binding as against his heirs.

3. The mortgagee was entitled to proceed by scire facias sur mortgage and by levari facias to sell the encumbered premises in question at sheriff's sale.

*Decree*

The following will be entered as the final decree in this case unless exceptions hereto are filed within ten days after notice of the entry hereof has been given by the prothonotary to counsel of record for the parties to this suit, to wit:

And now, April 13, 1931, the preliminary injunction heretofore, on October 20, 1930, granted staying said foreclosure proceedings and further as prayed in the bill is dissolved and the permanent injunction sought is refused.

The bill is dismissed. The costs of the proceedings will be paid by plaintiff.