## Marks v. Morrison, Admr.

*Frank B. Warfel,* for petitioner.
*Robert C. Haberstroh,* for respondent.

PATTERSON, P. J., February 26, 1941.—This case comes before the court on a petition of the administrator of the estate of John M. Morrison, deceased, to strike from the record a mortgage executed by him and delivered to Mrs. May Marks, mortgagee, on March 17, 1924.

The mortgage, covering a property situate on the north side of Fifth Avenue, between Fifth and Sixth Streets, in Juniata, Altoona, Blair County, was given to secure the sum of $2,300. Morrison died intestate January 2, 1938. Letters of administration were duly granted to Charles E. Morrison. Subsequently, on January 21, 1938, Mrs. Marks entered of record the mortgage which she had held from the time of its execution. On February 20, 1940, Mrs. Marks caused a scire facias to be issued on the mortgage. Thereupon the administrator filed a petition praying for a rule to show cause why the mortgage should not be stricken from the record, on the ground that it had not been recorded during the lifetime of the mortgagor.

The question raised by the pleadings in this case is whether the provisions of sections 15 (*a*) and (*h*) of the Fiduciaries Act of June 7, 1917, P. L. 447, are applicable to the claim of the mortgagee. Petitioner argues that recovery cannot be had from the real estate of decedent because plaintiff had failed to institute suit in assumpsit in the court of common pleas within one year from the date of decedent's death. Petitioner relies upon that part of the act which states:

"No debts of a decedent . . . except as provided in clauses (b), (g), and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year

after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and . . . indexed. . . ."

Petitioner then refers to the exception noted in paragraph (*h*), which mentions the lien of a mortgage, and contends that that exception relates only to a mortgage "duly recorded, during the lifetime of any decedent".

Petitioner cites the Act of March 28, 1820, 7 Sm. L. 303, which provides that "no mortgage . . . shall be a lien until . . . recorded . . .", etc.

Respondent argues that the provisions of the Fiduciaries Act relied upon by petitioner do not apply to the mortgage in this case for the reason that the mortgage is a conveyance of the legal title to the real estate covered, and that as between the parties mortgages are not required to be recorded where there are no purchasers or innocent parties affected by the failure to record the mortgage. The Act of March 28, 1820, supra, does not hold that the mortgagee will lose his rights if the mortgagor dies before the mortgage is recorded.

In defining a mortgage the Superior Court, in an opinion filed in 1930, in the case of Bulger v. Wilderman and Pleet, 101 Pa. Superior Ct. 168, 175, quoting from an opinion of Agnew, C. J., in Tryon et al. v. Munson et al., 77 Pa. 250, 262, stated:

" 'The mortgage passes to the mortgagee the title and right of possession to hold till payment shall be made. He may, therefore, enter at pleasure, and take actual possession—use the land and reap its profits. Now this title or lawful right to possess and actual pedis possessio, are not ideal or contemplative merely, but are real and tangible. True, the right is conditional, and will cease on payment of the debt; but until the condition is performed, the title and possession are as substantial and real as though they were absolute.' "

Upon consideration of the decisions cited by both petitioner and respondent we are satisfied that the Fiduci-

aries Act, supra, does not bar the mortgagee in this case from holding the real estate described in the mortgage, notwithstanding the fact that she did not record her mortgage until after the death of the mortgagor. The mortgagee had the right to enter into possession of the premises immediately upon its execution and delivery. She would not be required to wait until it was recorded, and this right continued in effect until payment of the debt secured by the mortgage. The mortgagor's death did not in any way affect the mortgagee's right of possession. Under its terms nothing, except payment, could defeat the right of the mortgagee to possession. Therefore, the mortgagee, being in constructive possession and having the right of actual possession at all times, was not required to take any action whatever insofar as filing a suit in assumpsit within one year is required by the Fiduciaries Act. This provision may have applied to the bond which the conveyance by mortgage was given to secure, but not to the mortgage itself which is a pledge of the property to secure the debt.

"A creditor may hold and realize on collateral pledged to recover a debt although action on the principal obligation is barred by limitation . . .": Batten v. Jurist et ux., 306 Pa. 64, 69.

An unrecorded mortgage is valid against the heirs of a mortgagor, and a scire facias will lie on an unrecorded mortgage. In referring to the Act of February 24, 1834, P. L. 70, which limited the lien of debts against the real estate of decedents, the Supreme Court held that it ". . . applies to the general estate descended to his heirs, but does not relieve the property specially pledged for the payment of a debt by the deed of the decedent, which estops his heirs, who are mere volunteers, from averring anything contrary to his deed": McLaughlin v. Ihmsen, 85 Pa. 364, 366.

Petitioner argues that this rule was established before the Act of 1917, which made references to a mortgage.

However, we are not convinced that the legislature intended to make such a drastic change in an established rule of law by the language used in paragraph (*h*). In this relation the Supreme Court has established the rule to be as follows:

" 'Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, when this can be done without violation of its obvious meaning; for, say the cases, it is not to be presumed the legislature intended to make any innovation upon the common law, further than the case absolutely requires' ": Davidson, Executrix, v. Bright, 267 Pa. 580, 589.

If the proposition advanced by petitioner prevails then it will be necessary, in order to maintain the rights of a mortgagee in the property described in a mortgage, to prove that the mortgagor is alive at the time the mortgage is recorded. This will be true even in the recording of a purchase money mortgage, as the act relied upon by petitioner makes no exception for it. Then the only way a mortgagee may be assured that his mortgage is in reality a pledge of the property, with the right of possession and to remain as security, will be that he must have noted on the record at the time the mortgage is recorded that the mortgagor is living. In many instances such a certificate would require the mortgagor to be present in the recorder's office at the time the mortgage is recorded. We do not believe the legislature intended to revolutionize the procedure in mortgage transactions without more specific language than that used in the Fiduciaries Act and relied upon by petitioner. Therefore, the rule is dismissed at the cost of petitioner.

### Decree

Now, February 26, 1941, the rule is dismissed at the cost of petitioner.